THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. RAYMOND J. CURTIS, Appellant.

Crimes — motor vehicles — violation of statute (Highway Law,
§ 290, subd. 3) requiring person operating automobile, in case
of collision causing injury, to leave name, address or license
number with person injured — evidence must show that the
defendant knew that injury was caused by collision — erroneous
admission of evidence showing subsequent suffering of injured
person.

1. It is essential to a conviction under an indictment for violation
of subdivision 3 of section 290 of the Highway Law (L. 1910, ch. 374)
that the jury should be satisfied beyond a reasonable doubt not
only that an injury had been caused to person or property, but that
the defendant knew that such injury had been caused, and not-
withstanding such knowledge left the scene of the accident without
giving his name, address or license number, and that he neglected
subsequently to report the injury to the nearest police station or
judicial officer as the law requires.

2. Upon the trial of an indictment for a violation of this section
of the law evidence may properly be given showing how much a
person was injured in an automobile collision as bearing upon the
seriousness of the accident and tending to show that it ought not
to have escaped the notice and attention of the defendant. The
subsequent suffering of the injured person, however, and testimony
as to the length of time he was compelled to remain in the hospital
and the details of the medical or surgical treatment which he
received should not be admitted.

3. Error was committed in receiving testimony to the effect that
a witness saw an automobile running through a street in the city
where the accident occurred about twelve o'clock on that night at
a speed of forty or fifty miles an hour, where the witness did not
identify the car nor state any fact which warranted the inference
that it was the automobile of the defendant.

*People* v. *Curtis*, 168 App. Div. 935, reversed.

(Argued December 9, 1915; decided February 29, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 30, 1915, which affirmed a judgment of the Jeffer-

son County Court rendered upon a verdict convicting the defendant of a violation of subdivision 3 of section 290 of the Highway Law and also affirmed an order of the said court overruling a demurrer to the indictment.

The facts, so far as material, are stated in the opinion.

*Pardon C. Williams* for appellant. The indictment is insufficient in law, and the demurrer thereto was improperly overruled. (*People* v. *Rosenheimer*, 70 Misc. Rep. 433; 146 App. Div. 875; 209 N. Y. 115; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Lowndes*, 130 N. Y. 455; *People* v. *Stark*, 136 N. Y. 538; *People* v. *Albow*, 140 N. Y. 130; *People* v. *Kane*, 161 N. Y. 380; *People* v. *Stedeker*, 175 N. Y. 57; *People* v. *Corbalis*, 178 N. Y. 516; *People* v. *West*, 106 N. Y. 293; *People* v. *Geyer*, 196 N. Y. 364; *People* v. *Bromwich*, 200 N. Y. 385.)

*Claude B. Alverson, District Attorney*, for respondent. It was not necessary to state in the indictment matters which were necessarily implied or matters of which the court will take judicial knowledge. (Joyce on Indictments, §§ 273, 276; *Anthony* v. *State*, 29 Ala. 27; *Ball* v. *State*, 48 Ark. 94; *Wilkins* v. *United States*, 37 C. C. A. 588; *State* v. *Warren*, 57 Mo. App. 502.) It is sufficient to plead a statutory offense in words of the statute. (*People* v. *Adams*, 85 App. Div. 390; *People* v. *West*, 106 N. Y. 293; *People* v. *Weldon*, 111 N. Y. 569.)

WILLARD BARTLETT, Ch. J.   By the first count of the indictment the grand jury of Jefferson county accused the defendant of the crime of violating subdivision 3 of section 290 of the Highway Law of the state of New York, committed as follows: On October 11, 1913, at the city of Watertown, in said county and state, the said Raymond J. Curtis wrongfully, unlawfully and feloniously, while operating an automobile, through his own culpability, caused injury to the property and person of one

20

Brainard W. Cole, and the said Raymond J. Curtis then and there well knowing that injury had been caused to such person and property with wrongful, unlawful and felonious intent did leave the place of said injury without giving his name, address or license number to the said Brainard W. Cole or to any other person at the scene of the injury, and wrongfully and unlawfully failed to report said injury to the nearest police station or judicial officer.

The second count of the indictment is in all respects like the first except that it charges the injury to have been caused by accident.

The demurrer attacked the indictment as insufficient because it omitted to state that the injury was caused or that the accident occurred on a public highway or on a public highway of any sort. A majority of the members of the court are of the opinion that this objection was not well taken or that the omission is not serious enough to warrant a reversal on that ground. Under these circumstances it does not seem worth while to discuss the alleged insufficiency of the indictment.

The prosecution grew out of a collision between an automobile driven by the defendant and a milk wagon driven by Brainard W. Cole. All the witnesses who testified to the circumstances of the accident agree that it was caused by the skidding of the automobile. There were two other persons in the car with the defendant, Martin D. Gilligan and Charles W. H. Lytton. Immediately after the collision occurred the defendant stopped his automobile and Gilligan and Lytton went back to the scene of the accident. Gilligan testified that he ascertained that Cole had not been hurt, and upon returning to the automobile he so informed the defendant, adding that there was no need of remaining there. Lytton, on the other hand, swore that when he came back and got into the car he said: "That man is pretty badly hurt." He admitted, however, that he did not know whether the defendant heard him make this state-

ment or not. The defendant himself testified that when
Gilligan came back he told him that the man had been
thrown from the wagon but was not hurt, and that no
damage had been done at all. The defendant thereupon
said to Gilligan: "Make mighty sure he isn't hurt."
Gilligan then went back to the place where Cole was and
almost immediately returned, saying that "the man was
not hurt but was merely mad and scared." The defend-
ant positively denied that Lytton said anything to him
when he got into the car or after he got in. "When I
left the scene of the accident," he said, "I did not have
any knowledge that Mr. Cole was injured or that any
damage had been done to his property. No one told me
that Mr. Cole was hurt on that night or that any one
was hurt."

This brief statement of the ·evidence serves to show
that the case was a close one on the facts, and that its
determination depended largely upon the knowledge
which the defendant had as to the consequences of the
collision. His position upon the trial was that having
been assured by his companions that nothing serious had
happened as the result of the collision he did not regard
it as an accident which it was his duty to report to the
authorities under the statute. There was very little
basis in the evidence for questioning the truthfulness of
his statement to this effect except the testimony of Lyt-
ton, and, as has already been pointed out, Lytton would
not swear that the defendant heard what he said to the
effect that the man was pretty badly hurt.

It was essential to a conviction under either or both
counts of the indictment that the jury should be satisfied
beyond a reasonable doubt not only that an injury had
been caused to Brainard W. Cole or his property, but
that the defendant knew that such injury had been
caused, and notwithstanding such knowledge left· the
scene of the accident without giving his name, address or
license number, and that he neglected subsequently to

report the injury to the nearest police station or judicial officer as the Highway Law requires. The most important question in the case, therefore, was the knowledge of the defendant. Where a case is as close as this was on the facts, a substantial error in the admission of evidence to the prejudice of the defendant cannot well be disregarded and we are convinced that the learned trial court committed errors in this respect which demand a reversal of the judgment.

The case was tried as though it were an action against the defendant for negligence rather than as a prosecution for a statutory crime. Evidence was admitted in reference to the injuries suffered by the complainant which was wholly irrelevant and very harmful.

Upon the trial of an indictment for a violation of section 290 of the Highway Law, evidence might properly be given showing how much a person was injured in an automobile collision as bearing upon the seriousness of the accident and tending to show that it ought not to have escaped the notice and attention of the defendant. The subsequent suffering of the injured person, however, and the length of time he was compelled to remain in the hospital and the details of the medical or surgical treatment which he received could have no legitimate bearing upon any of the issues arising on the trial of the indictment. Testimony of this character was offered by the prosecution in the present case and admitted over the objection and exception of counsel for the defendant. The physician who treated the complainant was allowed to testify that he had an X-ray picture taken of the spine of his patient, and that this picture showed that the tenth vertebra was fractured and that two ribs were displaced; that he saw the patient every day for seven or eight weeks; that a second X-ray photograph was taken revealing the same conditions as those previously found; that it was about eight weeks after the injury before he left the hospital, and that he made an external examination four

weeks before the trial which showed the same conditions as those discovered at the time of making the X-ray pictures. The witness was not still treating the patient but he was giving him advice. Mr. Cole himself was also permitted to testify, over objection and exception, that he remained in the hospital seven weeks and five days after being hurt; that he was injured in his back and that he had not at the time of the trial recovered from the injuries which he received on the night of the accident.

We think that this evidence was inadmissible and must have been highly injurious to the defendant. It tended to convince the jury that he had inflicted serious injuries upon another traveler to whose fate and sufferings he was so indifferent that he had driven on without offering him any aid after the accident; especially as the trial judge refused to allow him to prove that when he learned how seriously Mr. Cole was hurt he promptly paid him the sum of $5,600 by way of reimbursement without disputing his liability for the collision.

Another error was committed in receiving the testimony of a witness named William H. Place to the effect that he saw an automobile running through Washington street in the city of Watertown about twelve o'clock on the night of the accident at a speed of forty or fifty miles an hour. The witness did not and could not identify the car nor did he state any fact which warranted the inference that it was the automobile of the defendant. Counsel for the defendant objected to this testimony and excepted to its admission. The exception was well taken. While this erroneous ruling might not require the reversal of the judgment standing alone, it adds to the weight of the more serious error which has already been considered and illustrates the adverse attitude of the trial court toward the defendant. The objectionable testimony of Place only served as a suggestion to the jury to guess that the defendant was driving his automobile at an unlawful rate of speed just before or just after the col-

lision.   The conclusions of the jury in a criminal case ought not to be based to any extent on mere guesswork.

The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; SEABURY and POUND, JJ., dissent on the ground that no substantial right of defendant upon the merits is prejudiced by the judgment herein.   (Code of Criminal Procedure, sections 282, 285, 542.)

Judgment of conviction reversed, etc.