MAX EBERLE, RESPONDENT, v. DAVID STEGMAN, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Stegman in his automobile, and Eberle on his motorcycle, collided at the corner of Broad and Wright streets, Newark. The jury found a verdict for the plaintiff. The case is before us not on rule to show cause, but on appeal, assigning as grounds the refusal to nonsuit because of the absence of negligence and because of contributory negligence; the refusal to direct a verdict on the same grounds and the failure to support the burden of proof.

"The chief argument is on the last point. It is difficult to tell the exact facts. Eberle was going south on Broad street and at Wright street turned eastwardly; he then crossed over the tracks on Broad street and turned to go north, when he was struck on the left side by the automobile.

"It is said that the evidence shows clearly that the automobile, coming north on Broad street, could not have struck the motorcycle on the left side; but there is testimony that the automobile was going east on Wright street to cross over Broad street. This is the testimony of a child; but the trial judge thought that the child was qualified to testify as a witness and while her examination was quite leading and her testimony somewhat uncertain we cannot reject it on that account, nor could the trial judge reject it. The credibility and weight was for the jury.

"There seems to be no legal error. Let the judgment be affirmed, with costs."

For the appellant, *Heine, Bostwick & Bradner.*

For the respondent, *William K. Flanagan.*

PER CURIAM.

This was a suit for damages in the Essex Common Pleas and resulted in a verdict and judgment for plaintiff, and defendant appealed to the Supreme Court, where the judgment was affirmed. It is now appealed here for review.

The grounds of appeal in the Supreme Court were refusal to nonsuit because there was no negligence on the part of defendant, and because of contributory negligence on the part of plaintiff; refusal to direct a verdict on the same grounds and that plaintiff failed to support the burden of proof. And these grounds are available in this court.

Counsel for the defendant-appellant argue the points at length and cite cases to show that the weight of evidence is for the jury, but might have stood upon the ground that the Supreme Court found that there was evidence to support the verdict, which is so, and that by the settled law this court will not disturb that finding. See *Breitbart* v. *Lurich, ante* p. 556.

For the reasons given by the Supreme Court in its opinion the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.