THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY WEINER, PLAINTIFF IN ERROR.

Argued October 7, 1924—Decided February 6, 1925.

1. The admission or rejection of evidence relating to the speed at which a motor vehicle was being operated at a point some twelve hundred feet from the place of an accident, as bearing upon the speed of the vehicle at the time the accident occurred, rests within the discretion of the trial court. The ruling of the trial court will not be disturbed unless the facts clearly indicate an abuse of the court's discretion.

2. Testimony as to the skid marks of a motor vehicle being observable at the scene of an accident soon after the accident occurred is admissible.

3. Upon the trial of an indictment for involuntary manslaughter the court in its charge said: "Whoever seeks to excuse himself

for having unfortunately occasioned, by any act of his own, an injury to another, ought, at least, to show that he took that care to avoid it which persons in similar situation are accustomed to. It is for you to say whether his conduct, under the circumstances, evinced such care as was proportionate to the danger, whether it has been proved that there was such gross and reckless want of care or such gross and culpable want of skill as the defendant under the circumstances should not have been guilty of." *Held*, erroneous—first, in that it placed the burden upon the defendant of excusing himself for the accident when the burden rested upon the state and never shifts; and second, in that it applied to a criminal action, the rule applicable in civil actions where the standard of duty is not the same.

On writ of error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Henry H. Fryling*.

For the defendant in error, *John O. Bigelow*.

The opinion of the court was delivered by

KATZENBACH, J. On February 24th, 1924, Harry Weiner was operating a jitney bus from the terminal of the Hudson tubes in Newark to the town of Irvington. The terminus of the route in Irvington was at Boyden and Fortieth streets. Fortieth street is in the suburbs of Irvington. It is a paved street. Upon it the traffic is light. The houses are few in number. On the easterly side of the street is an improved sidewalk. About six-fifteen P. M. on the day mentioned Weiner was driving his bus southwardly on Fortieth street. At the same time one James Kellett, with his two sons, Thomas and Joseph, aged ten and eight, respectively, were proceeding in the same direction upon Fortieth street as the bus was being driven. The boys each had a small express wagon. They were in advance of their father, who was propelling a hand wagon. The purpose of all was to procure some wood which had been cut from a lot fronting on Fortieth street. Joseph was propelling his wagon on the

sidewalk and was racing with his brother, Thomas, who was propelling his wagon along the westerly curb line of the street pavement. Weiner overtook Thomas and struck him. The injury was fatal. Weiner was indicted by the Essex county grand jury for involuntary manslaughter. He was tried and convicted. In his behalf a writ of error has been issued, bringing from the Essex County Court of Quarter Sessions, to this court, the record of the conviction. The case is before us on a strict bill of exceptions and also under section 136 of the Criminal Procedure act, the entire record being certified.

The first point argued in behalf of the plaintiff in error deals with the admission by the trial court of the testimony of James Kellett, the father, as to the speed of the bus at the time it passed him, which he placed at between thirty and thirty-five miles per hour. When the bus passed Kellett he was about one thousand two hundred feet from the point where the accident took place. He noticed the license number when the bus passed him. He was not sure, however, whether the number was thirty-four or eighty-four. When he reached the scene of the accident he noticed that the number was thirty-four.

It is contended that it was improper to admit this testimony—first, because there was no evidence to indicate that the bus which Kellett saw was the bus which caused the accident, and second, for the reason that the bus at the time it passed Kellett was too far distant from the place of the accident to make its speed at the time it passed Kellett relevant. As the bus which passed Kellett was traveling in the same direction as he was traveling, and as Kellett was able to determine that the bus was numbered either thirty-four or eighty-four, and as the period between the time the bus passed Kellett and the accident occurred was so brief, we think the testimony of Kellett admissible. The admission or rejection of such evidence is a matter within the discretion of the trial court. *Noyes* v. *State,* 41 *N. J. L.* 418. The exercise of the court's discretion in its admission or rejection, under the circumstances of the present case, will not be disturbed. The ruling of a trial court in a matter of discretion will only be

reversed where the facts clearly indicate an abuse of that discretion.

The next point argued by the plaintiff in error involves the admissibility of testimony that skid marks, made by an automobile, were observed at the place where the accident happened. The contention is that there was nothing to show that these skid marks were made by the bus which struck Thomas Kellett. The witnesses who gave this evidence were James Kellett and Thomas H. Kirkbride. Kellett was at the scene of the accident immediately after the accident took place. Kirkbride arrived about an hour after the accident took place. Two passengers in the bus testified to the sudden application of the brakes to the bus. We think the evidence admissible as descriptive of the scene of the accident, shortly after its occurrence. Its admissibility rests upon the same principle as makes the testimony of articles found or footprints observed at the place of the commission of the crime admissible. They are part of the *res gestæ. State* v. *Kane,* 77 *N. J. L.* 244.

It is next contended that the court should have directed a verdict for the defendant. Without reviewing the testimony, we feel that there was evidence in the case which justified the trial court in overruling the motion to direct and submitting the case to the jury.

The next point is directed to the charge of the court. The court, after stating to the jury that, to warrant the conviction of the accused, the conduct of the defendant must have been grossly negligent—that is, show a reckless and careless operation of the bus, said: "Whoever seeks to excuse himself for having unfortunately occasioned, by any act of his own, an injury to another, ought, at least, to show that he took that care to avoid it which persons in similar situations are accustomed to do. It is for you to say whether his conduct, under the circumstances, evinced such care as was proportionate to the danger, whether it has been proved that there was such gross and reckless want of care or such gross and culpable want of skill as the defendant, under the circumstances, should not have been guilty of."

We think this portion of the charge erroneous in two respects: *First,* it placed upon the defendant the burden of excusing himself for the accident. The burden was upon the state to prove the charge made in the indictment beyond a reasonable doubt. The burden placed upon the state never shifts. *Secondly,* it, apparently, states that a defendant under indictment for the death of another, under the condition of the present case, can only excuse himself by showing that he took that care to avoid accidents that persons in similar situations are supposed to take. This applies to a criminal action the rule applicable in civil actions. The standard of duty is not the same.

The plaintiff in error also complains of the learned trial judge's comments upon the significance of the marks which the bus had made as bearing upon the question of the speed at which the bus was operated. The comments made were within the latitude given to a trial judge. They are not reversible. *State* v. *Schilling, 95 N. J. L.* 145.

For the error made in the charge the judgment of conviction is reversed.