LEONARD BAUS, RESPONDENT, v. TRENTON AND MER-
CER COUNTY TRACTION CORPORATION, APPELLANT.

Submitted June 1, 1925—Decided December 3, 1925.

1. The testimony of a witness as to the speed of a moving vehicle, which he is observing, is necessarily a conclusion reached by him, based upon his observation, and is not objectionable on that ground.
2. Whether a person who is a passenger upon a vehicle is negligent in failing to insist upon the driver stopping his vehicle on account of an approaching trolley car, which afterward collides with the vehicle, is a question of fact and not of law.
3. The publication of a newspaper article reciting the occurrences at a former trial of the case affords no ground for directing a mistrial, where it is not shown that the article has been read by any member of the jury.

On appeal from the Mercer Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

VOL. CII. 1

For the appellant, *Edward L. Katzenbach.*

For the respondent, *Martin P. Devlin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.　This action was brought by the plaintiff to recover compensation for injuries received by him in a collision between a trolley car of the defendant corporation and a truck upon which he was riding, the owner and driver thereof being one Meany. The collision occurred on Clinton avenue, in the city of Trenton, while Meany was in the act of turning his truck around for the purpose of going back to the garage in which he kept it when not in use. The trial of the cause resulted in a verdict for the plaintiff, and from the judgment entered thereon the defendant corporation has appealed.

The first ground upon which we are asked to reverse the judgment is that the trial court erred in permitting a witness who was called by the plaintiff to testify concerning the speed of the trolley car when it passed her, some three and a half blocks north of the point where the collision occurred. The contention is that the speed of the car at that point was no indication of its speed at the time when it ran into the plaintiff's truck.

The witness was standing at a street corner intending to board the car at that point. She signaled it to stop for her, but her signal was disregarded. She watched it after it had passed her, and observed that it ran by the next intersecting street without stopping. Whether it stopped after that and before the collision occurred she did not notice, as she then entered a car which was following the one which had passed her, and which came to a standstill to take her on. In the absence of proof that the  colliding car stopped between the point at which the witness made her observation and the place of the collision (and there was no such proof in the case at the time the witness gave her testimony), we think that the testimony was not inadmissible for the reason advanced by counsel, the fact appealed to merely going to the

weight to be given to the evidence and not to its competency.

The next ground of reversal argued is that the court committed error in refusing to strike out the answer of a witness called by the plaintiff, named Oswald, who saw the trolley car just before the collision, to the following question: "What was the speed of the trolley car?" The answer was, "Fast as I ever rode in, fastest speed I ever saw for a one-man car." Thereupon counsel moved that the answer be stricken out "as a conclusion." The trial court refused to strike it out upon this ground, and we think the refusal was proper, for all testimony as to speed given by a witness who has been observing the movement of a car or any other vehicle is, necessarily, a conclusion by him, based upon his observation.

The next ground upon which we are asked to reverse is that the trial court ought to have granted a nonsuit on the ground that plaintiff was guilty of contributory negligence. The plaintiff admitted on the witness-stand that he observed the trolley car as it was approaching, and as the driver of the truck was making his turn, and before he had begun to cross the trolley track, and that he said nothing to him about the approaching car. The argument is that he ought to have insisted that the driver stop his truck until after the car had passed. Whether a person riding on a truck is under this obligation, or whether he is negligent for failing to insist on the stopping of the vehicle under the conditions named, is not a question of law, but a question of fact, and the court properly refused to nonsuit upon the ground stated.

Next, it is contended that the court erred in refusing the motion of defendant to withdraw a juror and direct a mistrial, just before the case was concluded, because of the fact that a newspaper article, the publication of which was said to have been instigated by plaintiff's counsel, had been printed a day or two before the trial began, reciting the occurrences at a previous trial of the case, and on the review thereof in the higher court. We think it is clear that this fact, standing alone, afforded no ground for directing a mistrial. If it had been shown that the article had been read

by the members of the jury, or some of them, the situation would have called for the exercise of judicial discretion by the trial court in dealing with the motion. There was, however, nothing before the court to indicate that such was the case, and the motion was properly denied.

The next ground of reversal urged by counsel is that the trial court erred in its charge to the jury in defining "negligence," by stating that the plaintiff was bound to show that the driver of the trolley car did something that a reasonable and prudent person would not have done under the circumstances, or that he failed to do, or omitted the doing, of something that a reasonable and prudent person would have done under the same or similar circumstances. The error, it is said, appears in the statement that the motorman must not only do what a reasonable person would have done or omittted, but also what a prudent person would have done or omitted. If it be conceded that the definition was not accurate, certainly it was not harmful to the defendant, but, on the contrary, was beneficial to it, for it required a double test in order to justify a finding of the motorman's negligence.

· The last ground of reversal is that the trial court failed to instruct the jury, as requested by the defendant, that, if the plaintiff saw the car approaching without reducing its speed, and saw that Meany, the driver of the truck, was not going to stop, and observed these things in time to enable Meany to avoid the collision by stopping, if told to do so, then it was the duty of the plaintiff to tell Meany to stop, and his failure to do this amounted to contributory negligence. What we have already stated in discussing the motion to nonsuit disposes of this point also, namely, that whether the plaintiff was negligent under the conditions recited in the request was a question of fact, to be determined by the jury, and not a matter of law, to be disposed of by the trial court.

The judgment under review will be affirmed.