HARRY AUDINO, BY HIS NEXT FRIEND, ETC., PLAIN-
TIFFS-APPELLANTS, v. HAROLD HANTMAN ET AL.,
DEFENDANTS-APPELLEES.

Submitted January term, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the plaintiffs-appellants, *Gellzeiler & Honigfeld* (*Isidor Kalisch*).

For Harold and Raymond Hantman, *William P. Braun*.

For Carmine Naturale, *Reginald V. Spell*.

PER CURIAM.

The plaintiffs appeal from a judgment of no cause of action. The case was tried before a jury. Dr. Hantman loaned his car to his brother, who was to drive it to school and after school take it to a garage for some minor adjustments. He was then to bring it home. Young Hantman invited the plaintiff Audino, a school friend, to go with him to the garage, and after the adjustments were made was driving to Audino's home when the accident occurred at cross streets. Hantman was coming out of a stop street when the car he was driving was struck by a car owned and operated by the defendant Naturale. There was a nonsuit as to Dr. Hantman.

The defendants Hantman and Naturale attribute the accident to the negligence of the other. Further, Naturale, in his answer, and by his proofs, tried to show that the accident was due to the contributory negligence of the plaintiff. Audino had relatives living in the vicinity of the accident. He was familiar with the intersection of the cross streets and knew that there was a stop sign which, on the day of the accident, was obstructed by a parked truck. He was not a motorist, but he did know that Hantman was not familiar with the place where he lived and paid no attention to the manner in which the car was being driven and gave no warning of the stop sign.

Error is alleged in the following portion of the court's charge: "If he [the passenger plaintiff] did see the truck standing there and he did know that the stop sign was there, and if he did observe that the driver was passing the stop sign, then he was under a duty to call the driver's attention to the fact the stop sign existed at that point."

A charge must be looked at and construed as a whole. The court charged that the defendant had the burden of establishing contributory negligence and went on to say: "It is claimed by the defendants that this young man, if negligence existed, was himself guilty of contributory negligence, and, as I said, if he is shown to be in such posture he cannot recover. Now, let us see on what that claim is based. It appears that there was a truck standing at this corner and there was also a stop sign, and it appears that the truck obstructed the view of the stop sign. It also appears that this young man, infant, Harry Audino, was familiar with that location. Of course, in approaching that location, the presence of a stop sign in a position to be seen would place upon the driver an obligation to stop. This young man was a passenger. The infant says that he saw the truck standing there. If he did see the truck standing there and he did know that the stop sign was there and if he did observe that the driver was passing the stop sign, then he was under a duty to call the driver's attention to the fact that the stop sign existed at that point. Whether any of those things existed is a question of fact. That is for you gentlemen to determine

and not for the court. That is the claim, that he saw the truck, that he knew it obstructed this stop sign and that the driver did not stop and that he was under a duty to call it to his attention. Whether that constitutes negligence or not, assuming those to be the facts, and assuming that you so find them, is a question for the jury, taken into consideration with all the other facts and circumstances in the case, and, as I said before, if you find upon all the facts that this young man, this infant, was guilty of contributory negligence, there can be no recovery."

From our reading of the charge, it is perfectly apparent that the negligence which can be the basis of recovery and the contributory negligence which will bar recovery, must be the proximate cause of that which occurred. Audino was under a duty to exercise ordinary care for his own safety. *Mittelsdorfer* v. *West Jersey and Seashore Railroad Co.,* 77 *N. J. L.* 698; 73 *Atl. Rep.* 538. It was a question of fact for the jury whether he negligently disregarded this duty. *Baus* v. *Trenton and Mercer County Transportation Corp.,* 102 *N. J. L.* 1; 131 *Atl. Rep.* 92. There certainly was no error in leaving this question to the jury in the manner adopted by the trial judge.

There is no merit in the assertion, in view of the foregoing, that the trial judge improperly charged as follows: "This young man riding in this car as an invitee is not liable for the negligence of the driver of that car unless in the connection of contributory negligence, which I have indicated to you, but in the absence of such circumstances, he is not responsible for the negligence of the driver of the car he is in."

The proofs indicate to us that the nonsuit as to Dr. Hantman was proper, because by the undisputed testimony, his brother was not engaged in any work for him at the time of the accident but was on an errand of his own.

We find no merit whatever in the assertion that the trial court erred in not charging plaintiffs' second request.

The judgment is affirmed.