## C. IRENE HAGERTY *vs.* DANIEL TYLER.

Middlesex.    October 6, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Evidence,* Of authority of agent, Relevancy, Admissions. *Agency,* Scope of authority.

Evidence that, after a collision of automobiles, the owner of one instructed his chauffeur to investigate the accident and to "talk with" the operator of the other, did not show authority in the chauffeur to make to the other operator an admission binding on his employer.

Evidence of an admission by a chauffeur as to the speed of an automobile was not admissible against his employer in the absence of evidence to show that the chauffeur had authority to make the admission.

In the circumstances, evidence as to the speed of an automobile "shortly before" an accident was not relevant to show its speed at the time of the accident.

TORT. Writ in the Superior Court dated March 30, 1932.

The action was tried before *Donahue,* J. There was a verdict for the defendant. The plaintiff alleged exceptions.

*C. H. Nicholson,* for the plaintiff.

*R. J. Lavelle,* for the defendant.

CROSBY, J. This is an action of tort brought to recover for personal injuries and property damage alleged to have been caused by negligence of the defendant in the operation of his automobile. The jury returned a verdict for the defendant.

It appears that at the time of the accident the plaintiff was operating her automobile on Massachusetts Avenue from Cambridge southerly toward Boston, and the defendant was operating his automobile on Memorial Drive in an easterly direction from Brookline toward Boston; and that there was a collision of these automobiles at the intersection of the ways. On the date of the accident there was an underpass in process of construction at the intersection. Memorial Drive was divided into two sections of roadway, northerly and southerly. The intersection was

controlled by two officers, one on the northerly side and the other on the southerly side. The plaintiff testified in substance that upon signal from the officer she stopped before entering the northerly part of the intersection, and then upon signal from this officer she proceeded into the intersection, passed through the northerly half, and was almost through the southerly half when her automobile was struck on the right side by the front of the defendant's automobile. The defendant testified in substance that upon approaching the intersection an officer signaled him to proceed, and that his automobile was in collision with the plaintiff's.

It is stated in the record that there was other conflicting evidence as to the courses of both automobiles, and the precise place where the collision occurred; and that the evidence as to the speed of the defendant's automobile at the time of the collision was conflicting. The defendant and witnesses called by him testified that his speed was between thirty-five and twenty miles an hour. Called by the plaintiff for cross-examination, he was asked by counsel for the plaintiff: "Now, before you left did you give your chauffeur some instructions?" and he replied: "As I remember it I did." Q. "What instructions did you give him?" This question was excluded subject to the plaintiff's exception. The plaintiff offered to prove that the instructions were to investigate the accident, to get the names of the witnesses, to "look out for" the plaintiff, and to "talk with her and the witnesses." Thereupon the plaintiff offered "to prove further that Miss Hagerty would testify that the chauffeur told her that Mr. Tyler was driving the car because the chauffeur would not drive it fast enough to suit Mr. Tyler, and that shortly before the accident he had been traveling between sixty and seventy miles an hour." The latter offer of proof was also excluded subject to the plaintiff's exception. The question as to the nature of the instructions given by the defendant to his chauffeur was rightly excluded. The plaintiff contended that such instructions were admissible in evidence to show that the chauffeur had authority as agent of the

defendant to make the admission contained in the statement to the plaintiff above quoted. There is no merit in this contention. The evidence of the statement as to the rate of speed of the defendant's automobile "shortly before the accident" had no relation to its speed at the time of the accident. It had no tendency to show how fast the defendant was going or that the speed was excessive or unreasonable. Besides, the defendant was not bound by admissions of his chauffeur. "If a declaration has its force by itself, as an abstract statement, detached from any particular fact in question, depending for its effect on the credit of the person making it, it is not admissible in evidence. Such a declaration would be hearsay." *Lund* v. *Tyngsborough*, 9 Cush. 36, 41–42. *Williamson* v. *Cambridge Railroad*, 144 Mass. 148, 150. *Marcienowski* v. *Sanders*, 252 Mass. 65. The case at bar is distinguishable from *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, cited by the plaintiff. There the facts were materially different from those in the present case. As the excluded statement as to speed had no relation to the accident and was not binding on the defendant, it was rightly excluded.

*Exceptions overruled.*