THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLARENCE W. STEELE, Appellant.

County Court, Erie County, June 23, 1942.

*Jean A. Martin* for appellant.

*Leo J. Hagerty, District Attorney* (*Maurice Frey* of counsel), for respondent.

WARD, J. Defendant was convicted of a violation of the Vehicle and Traffic Law, section 70, subdivision 5-a, which is a misdemeanor, popularly called "Leaving the scene of an accident without reporting."

---
* Revd. 266 App. Div. 292.

The record discloses that the complainant, Louise O'Donnell, on February 15, 1942, was employed at the Wanakah State Police Barracks, as a registrar for the Selective Service Board. She testified that her automobile was parked in front of the barracks under the "State Police" sign, when, shortly after eight A. M., she noticed that the left front fender had been "dented," "the paint off" and "the hub cap off." One Saverio Logatto testified that he saw a snow plow coming west and another car in back of the plow; that the car "skidded and struck" the complainant's car; and that the noise of the impact was "just sort of a thump." The rest of the People's case consisted of circumstantial evidence.

The defendant testified that, after skidding, his car stopped, but did not strike the complainant's car; he heard "no noise, jar, or scraping," and then an assistant on the snow plow directed him to proceed. The defendant offered evidence to show that his car was covered by insurance, but the justice refused to admit it and charged the jury that: "The question of insurance is not to enter into your deliberations * * *."

"Whether defendant had any knowledge that damage had been caused by the claimed slight contact of the vehicles — a requisite essential to the People's case — presents on this record a very close issue." (*People [Mattus]* v. *Dropkin,* 261 App. Div. 223.) "The most important question in the case, therefore, was the knowledge of the defendant." (*People* v. *Curtis,* 217 N. Y. 304, 308.) Where a case is as close as this was on the facts, a substantial error in the admission or rejection of evidence to the prejudice of the defendant cannot well be disregarded. (*People* v. *Curtis, supra,* 308.)

"The term 'knowingly' imports a knowledge that the facts exist which constitute the act or omission [of] a crime, and does not require knowledge of the unlawfulness of the act or omission." (Penal Law, § 3, subd. 4.) Knowledge, generally, is "a clear and certain perception of that which exists, or of truth and fact." (Webster's Dictionary.) Thus, where a defendant denies the possession of certain knowledge by him during a past event, the only evidence that may refute or corroborate him would be circumstantial.

Evidence of a collateral fact, from which the existence or nonexistence of the facts in issue may be inferred as a probable consequence, is circumstantial evidence. (*Baird* v. *Mayor, etc., of City of New York,* 96 N. Y. 567, 593.) The limitation upon such evidence is that it should tend to create in the mind of the trier of the fact a reasonable persuasion or belief as

to the existence or nonexistence of those facts in issue; that is, they must be relevant. (*Platner* v. *Platner*, 78 N. Y. 90.) Undue prejudice may result from the use of wholly irrelevant evidence; such as, for example, facts tending to show that the defendant in a negligence action is insured. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479.) But, where a defendant accused of violating section 70, subdivision 5-a, of the Vehicle and Traffic Law is denied the opportunity of introducing facts showing that his car was insured, as tending to establish a lack of motive for committing the alleged crime, such a denial in a close case, as here, is reversible error. (See *People* v. *Schaeffer*, 253 App. Div. 202.) Motive is always relevant, though never essential to establish a crime. (*People* v. *Ferraro*, 161 N. Y. 365.) It follows that the facts in this case should have been more fully developed in order to determine the guilt or innocence of the defendant, and the justice should have allowed the jury to consider the question of the defendant's insurance.

The judgment should be reversed, the fine remitted, and a new trial allowed. Prepare and submit judgment accordingly.