**SOLOMON, Plaintiff-Appellant v MOTE, Defendant-Appellee.**

Ohio Appeals, 2nd District, Miami County.

No. 417.  Decided September 24, 1942.

Faust, Faust & Faust, Troy, for plaintiff-appellant.
Shipman & Shipman, Troy, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Miami County, Ohio.

Plaintiff's action was one for personal injuries and property damages by reason of a collision of two motor vehicles at or near the intersection of Emerick Pike and Shilo Pike, both located within the bounds of Miami County, Ohio. The accident happened on August 3, 1937, about 4:30 P. M.

Emerick Pike was a gravelled road, running in a general easterly and westerly direction, and Shilo Pike was also a gravelled road, running generally in a northerly and southerly direction. They crossed each other in Union Township, Miami County, Ohio. Neither was a highway of such a character that preference was

given to traffic on one over the other. The right-of-way was controlled by the section of the Code which provides that the operator of motor vehicles on such highways shall yield the right-of-way to the one approaching from the right.

At the time of the accident the plaintiff was operating his Chevrolet automobile on Emerick Pike in a westerly direction and towards his home, located about one mile distant therefrom. The defendant's 1½ ton International truck, operated by an employee and loaded with about 1½ tons of feed, was moving in a southerly direction on Shilo Pike. Under this situation the defendant had the right-of-way, provided his truck was being operated in a lawful manner.

At the northeast corner of the intersection and inside the road fences on each highway, was a field upon which were growing corn and cane. This farm crop was of such height that it interfered with plaintiff's view as he approached the Shilo Pike intersection.

The plaintiff testified that before he reached the intersection he looked to the north, but by reason of the standing corn and cane he could not see northwardly on Shilo Pike more than 20 or 25 feet. He further testified that he did not look again and did not know of defendant's approaching truck until he was struck by the truck at or near the back end of his right front fender.

Immediately west of the intersection and on Emerick Pike was a culvert. On either side of the culvert were abutments about one foot in height. on the top of which was a metal guard. The east end of this culvert was 1.2 feet west of the west edge of Shilo Pike, ascertained by an imaginary extension of the fence lines. The travelled portion of Shilo Pike was approximately 15 feet in width. From the west edge of the travelled portion of Shilo Pike to the east edge of the culvert was 8.2 feet.

At the close of plaintiff's testimony counsel for defendant interposed a motion for a directed verdict on two grounds:

"1. That plaintiff's own evidence failed to show any negligence on the part of the defendant.

"2. That plaintiff's own evidence shows that plaintiff himself was guilty of contributory negligence and proximately contributed to said accident and injuries."

The trial court overruled as to the first ground and sustained as to the second. In so doing the court determined that there was sufficient evidence to submit to the jury on the question of defendant's negligence, but determined that plaintiff's own testimony disclosed that he was guilty of negligence as a matter of law, which was a proximate cause of the accident and therefore could not recover.

The jury returned its verdict in accordance with the instructions of the court. Plaintiff duly filed a motion for new trial, which

was overruled and judgment entered on the verdict, dismissing plaintiff's action. Within due time, plaintiff gave notice of appeal on questions of law and thereby lodged the case in our court.

Counsel for plaintiff present five separately stated and numbered assignments of error. Assignments Nos. 1, 2 and 3 are closely related and all go to the claimed error of the trial court in directing a verdict.

Assignment No. 4 claims that the trial court erred in the exclusion of testimony, and assignment No. 5 is an omnibus statement that the court was in error in granting final judgment for the defendant against the plaintiff.

The specific claim under assignment No. 4 related to the trial court's rejection of exhibits Nos. 7, 8 and 9 proffered by the plaintiff. These exhibits were photographs taken at the scene of the accident shortly thereafter and before either vehicle had been moved. The person taking the photographs was not available as a witness, but others who saw them taken did identify them and testified that they were a fair representation of the condition existing immediately after the accident, except that one witness said that the photographs were slightly misleading in that exhibits 8 and 9 showed the cars to be against each other, whereas that was not the fact.

We have no difficulty in determining that it is not necessary for photographs and exhibits to be identified by the person taking same in order to make them admissible in evidence, although this is usually the custom. We further think that it is proper practice where photographs are to be introduced in evidence, that the person · identifying them, either the photographer or another witness, should indicate where the camera was sitting with relation to the objects to be photographed, the height of the camera above the ground, and other conditions that would present to the jury a comprehensible understanding of the photograph. This was not done in the instant case.

Even if it should be determined that the photographs were adequately identified, we hold that their rejection was not prejudicial for two reasons:

1. Other photographs presented in evidence as exhibits 1 to 6, inclusive, sufficiently demonstrated the wreckage of plaintiff's car, which really was the point sought to be shown.

2. The rejected photographs would have no substantial bearing in determining the correctness or incorrectness of the court's action in directing a verdict.

We now go to the main question presented under assignments 1, 2, 3 and 5.

In determining these assignments we consider not only the question of contributory negligence on the part of the plaintiff, but also the question as to whether or not there was any evidence of

negligence on the part of the defendant. In other words, we look to the question of the correctness or incorrectness of the court's action rather than his reasoning.

Counsel for defendant argue that there was absolutely no testimony as to the speed at which defendant's motor truck was being operated at the time of the accident. The speed at which defendant's motor truck was being operated would be controlled by §7249 GC. Under this section and at this particular location, a speed of more than 25 miles per hour would be presumptively in excess of what would be reasonable and proper. One witness testified that he saw the truck on Shilo Pike about a quarter of a mile north of the scene of the accident, and at that time it was being driven southwardly at a speed of approximately 45 miles per hour. The courts have held that such evidence is competent but not necessarily binding on the question of speed at the time of the accident. The only other witness on the question of speed of the truck was the plaintiff. He says that immediately before the crash the truck was moving at 35 miles per hour. On cross-examination he states that he did not see it moving a sufficient length of time to determine the speed, but that he judges the speed from the crash, movement of the vehicle thereafter and the damage. This explanation upon the part of the plaintiff would render his testimony fixing a specific speed, incompetent. However, the jury had the right to and should take into consideration the physical facts, such as skid marks on the Shilo Pike, the loud noise made by the collision and heard varying distances from the scene of the accident, the crushing effect on plaintiff's car, the breaking of a part of the concrete abutment on the culvert, the distance the vehicles moved after the collision and the position they were in thereafter, and other physical conditions might all properly be considered in determining the question of speed.

We have no difficulty in determining that the trial court was correct in its statement that there was sufficient evidence presented to make the question of defendant's negligence one for the jury.

Neither do we have any difficulty in determining under the uncontradicted evidence that plaintiffff was guilty of negligence.

Plaintiff was chargeable with knowledge of the law that vehicles approaching from the right in a lawful manner had the right-of-way over him. When he testified that he looked to the right before he reached the intersection, but could only see 20 to 25 feet north on Shilo Road by reason of the standing corn in an adjacent field, and then did not look again, he was guilty of negligence. Had he looked when he was at the Shilo Road fence line, he would have had an unobstructed view to the north for quite a distance. Furthermore, he had the right to proceed to near the center of the road,

because he had the right-of-way as against northbound traffic on the Shilo Road. **Morris v Bloomgren, 127 Oh St 147.**

Being negligent would not deprive plaintiff of recovery unless such negligence was a direct and proximate cause of the collision and resultant damages. We can imagine extreme cases in order to illustrate the proposition. For instance, plaintiff might have proceeded westwardly down the Emerick Pike a distance of a mile and then encountered an accident, but it is inconceivable to see how plaintiff's negligence in failing to look effectively at the Shilo intersection could be a proximate cause of the accident a mile away. We might shorten this distance to 100 feet, 50 feet or less than that, and still arrive at the same conclusion as a matter of law. On the other hand, plaintiff's negligence may be so closely related to an accident as to leave no room for reasonable minds to differ and thereby present a situation where a proximate cause would be determined as a matter of law. For instance, where a party required to yield the right-of-way, without looking for approaching traffic or looking ineffectively, drives out into the intersection in which there is another moving vehicle, without any justifiable excuse, such person would not only be guilty of negligence, but such negligence would be a proximate cause of the accident and bar recovery. These examples might be extended to include where such person seeing an approaching vehicle, speeds up and races to the intersection, and again justify a determination of proximate cause as a matter of law.

Between these examples we get into the twilight zone where reasonable minds might differ on the question of the proximate cause of the accident.

The Supreme Court of Ohio had under consideration this question in the case of **Smith v Zone Cabs, 135 Oh St 415.** This decision was by a divided court, four to three. The three dissenting are still members of this court. The writer of the opinion and one concurring member are no longer members of the court.

The writer of this opinion thinks the better reasoning is with the dissenting members, but so long as the case remains unreversed we are bound to follow it. Under the statement of facts in the reported case we think the Supreme Court went further than would be required in the instant case.

In the case at bar plaintiff testified that he had completely crossed the intersection and was halfway across the culvert before he was struck. If true, this would place all parts of his car beyond the bounds of the Shilo Road. Counsel for defendant urge that the physical facts clearly demonstrate this position to be impossible and in this contention we are in accord. Had plaintiff's car been halfway across this 11 or 12 foot culvert, defendant's car would have had to have made a very sharp turn to come up to plaintiff's car from the rear in order to strike it at the back end of the front fender, and the resultant force would have driven the car southwardly and westwardly, whereas the plaintiff's car came to rest at

the fence post at the northwest corner of the road line. That plaintiff's car was in or very near the culvert at the time of the collision is evidenced by the fact that an approximately 3 foot slab of the south abutment was knocked off. Evidence was also adduced by one witness living in the vicinity that he traced skid marks on Shilo Road, starting about 60 to 75 feet north of the intersection and plainly visible for 25 feet, and then for another 25 feet could not be seen, then presenting themselves, showing an angle towards the culvert. This witness also testified to observing a scuffed up condition just east of the entrance to the culvert.

Under the factual situation in the instant case, taken in connection with the decision of the Supreme Court in the case of **Smith v Zone Cabs, supra,** we are constrained to the view that the court was in error in determining as a matter of law that plaintiff's negligence was a contributing proximate cause of the accident. We think that this is a jury question.

In addition to the cases already referred to, we have been cited and have examined the following:

Kellar v Miller, 67 Oh Ap 361;
Cashun v Mauseau, 62 Oh Ap 249;
General Exchange Insurance Co. v Elizer, 32 Abs 579;
Gould v Youngstown R. R. Co., 64 Oh Ap 355;
Ohio Jurisprudence, Vol. 17, pages 579 to 580.

The judgment of the Court of Common Pleas will be reversed and cause remanded for new trial. Costs in this court will be adjudged against the appellee.

GEIGER, PJ., and HORNBECK, J., concur.