THE PEOPLE OF THE STATE OF NEW YORK Respondent, *v.* JACOB HAKALA, Appellant.

First Department, May 3, 1946.

*Leo Moskowitz* for appellant.

*George Tilzer* of counsel (*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney*), for respondent.

COHN, J. Defendant has been convicted of the crime of leaving the scene of an accident without reporting (Vehicle and Traffic Law, § 70, subd. 5-a). The statute, so far as applicable, reads as follows: " 5-a. Leaving scene of accident without reporting. * * * Any person operating a motor vehicle or motor cycle who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor.".

The sole witness for the prosecution was the police officer who arrested the defendant. He testified that while on motor patrol duty on the date of the alleged accident, to wit, December 13, 1945, at about 5:15 P.M., he observed a crowd at the intersection of Fordham Street and City Island Avenue, County of Bronx, New York City. He " found out " that a boy had been struck by an automobile and was given the license number by persons who were in the group. About a mile from the scene of the accident the officer overtook a motor vehicle being operated by defendant. Defendant informed the officer that he had seen a boy run across the street in front of his car but did not think he had hit him.

Testifying in his own behalf, defendant stated that at the place of the alleged accident he observed a boy running about seven feet in front of his automobile; that he applied his brakes and slowed down, but that nothing happened. He did not know that he struck the boy nor did he feel anything unusual while driving his car. A passenger in defendant's car testified that he thought the boy had cleared the car safely and that if he believed defendant's car had struck the boy, he would have asked defendant to stop. Upon this testimony the court adjudged the defendant guilty.

To sustain a conviction for the misdemeanor charged, in addition to proof that defendant had left the place of injury or accident without compliance with the statute, it was incumbent upon the People to establish beyond a reasonable doubt (1) that someone had been injured by a motor vehicle; (2) that the defendant was the operator of the vehicle which caused the injury, and (3) that defendant had knowledge that the injury had been caused to a person due to his culpability or to accident.

The evidence here failed to show any of these necessary elements.

There was no proof of injury to a person other than the hearsay statement of a police officer to the effect that he was informed a boy had been struck by an automobile. No witness was produced who had seen defendant's car strike the boy nor was there any testimony to show circumstances of the occurrence from which such an inference reasonably might follow. Moreover, evidence that defendant had knowledge that an injury had been caused to the youth was lacking. Such knowledge need not necessarily be established beyond all doubt. If the circumstances would ordinarily give rise to the belief in a reasonable man that injury would flow, or had flowed, from the accident or collision, then it is the duty of the motorist to stop. The statute imposes upon the operator the active and positive duty to ascertain for himself whether harm has been done. (*People* v. *Curtis,* 225 N. Y. 519, 523; *People* v. *Curtis,* 217 N. Y. 304, 307; *Woods* v. *State,* 15 Ala. App. 251.) However, there must be some legal proof that a driver knew or ought to have known that he caused injury to a person. *Here there is none.* A person may not be held criminally responsible for leaving the scene of an accident in the absence of a showing that he knew or should have known of its occurrence and that he was involved in it. (*People* v. *Curtis,* 217 N. Y. 304, 307; *People* v. *Curtis,* 225 N. Y. 519, 523; *People* v. *Shlansky,* 256 N. Y. 538; *People* (*Mattus*) v. *Dropkin,* 261 App. Div. 223; *People* v. *Thomas,* 232 App. Div. 475.)

Defendant's guilt of the crime charged was not established beyond a reasonable doubt.

The judgment of conviction should be reversed, the complaint dismissed and the fine remitted.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed, the complaint dismissed and the fine remitted.