33 N.J. Super. 53 (1954)
109 A.2d 427
CALVIN MILLER, PLAINTIFF-APPELLANT,
v.
TRANS OIL CO., A CORPORATION, AND JOSEPH SZABO, DEFENDANTS-RESPONDENTS, AND CHARLES SZABO, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1954.
Decided November 17, 1954.
*55 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Francis M. Seaman argued the cause for plaintiff-appellant.
Mr. Charles A. Rooney argued the cause for defendants-respondents.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an auto accident case, raising a question of evidence. The question is this: did the trial court err in admitting the testimony of a witness, Richard Hollyer, that perhaps a minute before the accident and about three-quarters of a mile away from it, he was passed by a car which he described as "similar" to the plaintiff's car and which was then proceeding toward the scene of the accident at a speed quite a bit faster than 45 miles per hour? A verdict of no cause for action was returned. Plaintiff appeals. We are concerned only with the objections raised in the trial court as to this evidence.
Plaintiff was driving his black Oldsmobile at night north on Route 25 in Woodbridge, N.J., when it hit defendant's trailer in the rear as the tractor-trailer, which also had been going north, endeavored to make a left turn off the highway. Hollyer, likewise bound north in his car, arrived at the place of the accident, perhaps a minute or so after being passed by the car above mentioned. In fact his was the first northbound car to stop at the accident.
*56 No question is raised as to the admission of a lay opinion on the matter of speed and identity. Gretowski v. Hall Motor Express, 25 N.J. Super. 192, 196 (App. Div. 1953); 7 Wigmore, Evidence (3d ed.), § 1977 et seq. But much stress is put upon the fact that Hollyer did not definitely identify the plaintiff's car. When he was asked "Why did you give the driver [of the truck] your name?," Hollyer answered "Well the car had passed me earlier." Later when cross-examined by counsel for the other side, he said "I thought it was the same car." At another point he testified that it was "similar" to plaintiff's car and that it was "a black sedan or a black closed car"  a description applicable to plaintiff's auto. However, though he had an opportunity to see the auto, he could not testify to its make, nor could he say under oath that the car which passed him was the plaintiff's car.
On the question of plaintiff's speed at the time of the collision, there was circumstantial evidence apart from Hollyer's testimony  including skid marks 87 feet long leading up to the place on the highway where the rear of plaintiff's car came to rest after the accident. Besides there was proof that Hollyer's car hit the 10-ton tractor-trailer so hard as not only to push it 15-20 feet westerly into the southbound lane and knock off completely its rear right wheels but also to demolish entirely the front of plaintiff's car.
Upon inspection, the question at hand breaks up into three points, and each point rests, it will be found, upon a proposition of law of a rather fundamental character. There is, first, a question as to whether testimony as to identity is admissible even though it is not definite; second, a question as to whether the speed of a car at one place is evidentiary as to its speed at another place; and, third, a question involving both identity and speed, namely, whether the testimony thereof was inadmissible because it was too remote.
The first point is that the testimony was not admissible because the car which passed Hollyer was not definitely identified by him as the plaintiff's car. But a witness's testimony may be admissible, though he is not positive. Where (as here) a witness has actually observed a fact, but there *57 has been some deficiency in the observation or in his recollection of it, the lack of definiteness on his part goes to the weight of his testimony, not to its admissibility. 2 Wigmore, supra, §§ 658(1), 659, 660; 3 Ibid. §§ 727, 728; see 7 Ibid. § 1977.
This is settled law in nearly all jurisdictions, and a few cases will serve to illustrate the point. Craig v. State, 171 Ind. 317, 86 N.E. 397, 400 (Sup. Ct. 1908); State v. Richards, 126 Iowa 497, 102 N.W. 439, 440 (Sup. Ct. 1905); Commonwealth v. Cunningham, 104 Mass. 545 (Sup. Jud. Ct. 1870); Commonwealth v. Kennedy, 170 Mass. 18, 48 N.E. 770, 772 (Sup. Jud. Ct. 1897); People v. Stanley, 101 Mich. 93, 59 N.W. 498, 499 (Sup. Ct. 1894); Auerbach v. United States, 136 F.2d 882, 885 (C.C.A. 6, 1943); Fryer v. Cathercole, 4 Ex. 262, 154 Eng. Rep. 1209 (Ex. 1849); L.R.A. 1918A 713-719; 4 A.L.R. 979; cf. State v. Young, 97 N.J.L. 501, 507 (E. & A. 1922); Eberle v. Stegman, 98 N.J.L. 879 (E. & A. 1923); Gretowski v. Hall Motor Express, 25 N.J. Super. 192, 196 (App. Div. 1953), supra.
On the first point, then, the testimony of a witness may be admissible though he is not definite.
The second point has to do with the matter of relevancy, namely, whether the speed of plaintiff's auto at one place on Route 25 is evidentiary as to its speed at another place three-quarters of a mile away and perhaps a minute later.
The fundamental proposition involved here is that all relevant evidence is to be admitted unless some specific rule forbids it. In re Vince, 2 N.J. 443, 457 (1949); Uniform Rules of Evidence approved 1953 by American Bar Association, American Law Institute and National Conference on Uniform State Laws, Rule 7(f); Model Code of Evidence, Rule 9(f) 1942; Thayer, Preliminary Treatise on Evidence (1898), 265, 269, 530. By relevant evidence is meant any evidence having a tendency in reason to prove a matter in issue. Rule 1, Uniform Rules and Model Code, supra; Feickert v. Feickert, 98 N.J. Eq. 444, 452 (Ch. 1926); *58 Fishman v. Consumers Brewing Co., 78 N.J.L. 300, 302 (Sup. Ct. 1909).
It might be noticed that Wigmore (1 Wigmore, supra, § 28, but see § 10) and some authorities disagree with the fundamental proposition above stated, holding that evidence to be admissible must have, not merely relevancy, but "legal relevancy." Evidence, Wigmore goes on to say, cannot be submitted to a jury unless it has a higher degree of probative value than would be asked in ordinary reasoning. New Jersey does not accept this concept of legal relevancy, and it has been rejected by the Uniform Rules and the Model Code. Morgan, Model Code, supra, pp. 31-34; James, 29 Cal L. Rev. 689 (1941); Trautman, 5 Vanderbilt L. Rev. 385 (1952); cf. Montrose, 70 L.Q. Rev. 527, 555 (1954). As stated in the Model Code, supra, p. 178, "it would be as futile as it would be unwise to attempt to prescribe measurements of logical value."
In the instant matter we must ask ourselves, then, whether there is such a possibility of continuity in speed on Route 25 under the circumstances here that proof of speed at one place could be said to have any tendency in reason to prove the speed at the other place. Under circumstances comparable in a measure, such testimony has been held relevant. State v. Weiner, 101 N.J.L. 46, 48 (Sup. Ct. 1925); see Baus v. Trenton and Mercer County Traction Corp., 102 N.J.L. 1 (Sup. Ct. 1925), affirmed 102 N.J.L. at page 712 (E. & A. 1926).
Plaintiff cites cases to the contrary, but they will be found to represent a minority view. 2 Wigmore, supra, § 382, n. 10. It may be helpful to list authorities having some pertinency here. Jennings v. Arata, 83 Cal. App.2d 143, 188 P.2d 298 (Ct. App. 1948); Central of Georgia Ry. Co. v. Keating, 177 Ga. 345, 170 S.E. 493 (Sup. Ct. 1933); Roushar v. Dixon, 231 Iowa 993, 2 N.W.2d 660 (Sup. Ct. 1942); Walsh v. Murray, 315 Ill. App. 664, 43 N.E.2d 562 (App. Ct. 1942); Quinn v. Zimmer, 184 Minn. 589, 239 N.W. 902 (Sup. Ct. 1931); Prince v. Petersen, 144 Neb. 134, 12 N.W.2d 704 (Sup. Ct. 1944); Dimock v. Lussier, 86 N.H. 54, *59 163 A. 500 (Sup. Ct. 1932); Owen v. Gruntz, 216 App. Div. 19, 214 N.Y.S. 543 (App. Div. 1926); Solomon v. Mote, 38 Ohio Law Abst. 169, 49 N.E.2d 703 (Ct. App. 1942); Hanson v. Schrick, 160 Or. 397, 85 P.2d 355 (Sup. Ct. 1938); Slate v. Saul, 185 Va. 700, 40 S.E.2d 171 (Sup. Ct. 1946); State v. Carlsten, 17 Wash.2d 573, 136 P.2d 183 (Sup. Ct. 1943). Contra: Whittaker v. Walker, 223 Ala. 167, 135 So. 185 (Sup. Ct. 1931); Eads v. Stockdale, 310 Ky. 446, 220 S.W.2d 971 (Sup. Ct. 1949); Hagerty v. Tyler, 295 Mass. 581, 4 N.E.2d 463 (Sup. Jud. Ct. 1936); People v. Barnes, 182 Mich. 179, 148 N.W. 400, 404 (Sup. Ct. 1914); Gough v. Harrington, 163 Miss. 393, 141 So. 280 (Sup. Ct. 1932); Fitzgerald v. Penn Transit Co., 353 Pa. 43, 44 A.2d 288 (Sup. Ct. 1945), distinguishable and somewhat criticized by Wigmore in 2, op. cit. supra, § 661, n. 7; cf. Gerhart v. East Coast Coach Co., 310 Pa. 535, 166 A. 564 (Sup. Ct. 1933); Ronning v. State, 184 Wis. 651, 200 N.W. 394 (Sup. Ct. 1924) criticized by 2 Wigmore, supra, § 382, n. 10, as "unsound"; cf. People v. Curtis, 217 N.Y. 304, 112 N.E. 54, 56 (Ct. App. 1916).
On the second point  having in view especially that the accident happened quite soon after Hollyer saw the car  we think there was relevancy here.
The third point of the case goes to the remoteness of Hollyer's testimony. The proof as to speed, under the circumstances here, three-quarters of a mile from the collision, was in some degree remote; but, as the above cases cited on the point of relevancy establish, the admissibility of such proof as this lies within the trial court's discretion. However, Hollyer's indefiniteness on the matter of identity adds to the testimony another item of none too strong probative force. It may be said, then, that a certain remoteness as to the matter of speed is compounded with a certain remoteness as to the matter of identity.
A trial judge in his discretion may exclude evidence if he finds its probative usefulness is substantially outweighed by the risk that it will lead to either undue prejudice, undue consumption of time, confusion of issues or unfair surprise to *60 an adversary. Dolan v. Newark Iron & Metal Co., 18 N.J. Super. 450 (App. Div. 1952); Alcott v. Public Service Corporation, 78 N.J.L. 482, 485 (E. & A. 1909); Rule 45, Uniform Rules of Evidence; Rule 303, Model Code, supra. The rule is said to apply only to evidence that is remote or of comparatively slight probative force. See McElroy, Model Code, p. 364; Morgan, id., p. 14; comments to rules cited.
However a trial judge's decision on the exercise of this discretion is not reversible, unless it appears manifest that he has made a mistake. Bradley v. Cleary Co., 86 N.J.L. 338, 341 (E. & A. 1914); Bosze v. Metropolitan Life Ins. Co., 1 N.J. 5, 10 (1948); cf. Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951).
We come then to the point at hand. We have found Hollyer's testimony to be relevant, though somewhat remote as to the matter of speed and somewhat clouded by the indistinctness of his identification of plaintiff's car. Our inquiry under the principle stated must be whether in admitting the testimony, there was a risk of unjust prejudice to the plaintiff's case which substantially outweighed the probative usefulness of the testimony; and, further, whether the trial judge, who is entrusted with a discretion in the making of such a determination, committed manifest error. In our appraisal of this testimony we find no manifest error. The point therefore falls.
Affirmed.