James D. Hurley, J.
This is an appeal from a conviction of the defendant in Police Court in the village of Lyons, New York, on the 15th day of December, 1956, of a charge of leaving the scene of an accident in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. The trial was had before the court and a jury. The appellant seeks a reversal of the conviction on the ground that there is insufficient proof to show that the' defendant knew that there had been any damage done to the other car involved and on the further ground that improper testimony was admitted at the trial.
The testimony shows that the defendant on the 13th day of October, 1956, in company with his wife, had eaten dinner in a restaurant in the village of Lyons, New York. The defendant’s car had been parked in a driveway adjoining the restaurant on the west and off the highway. After leaving the restaurant, the defendant backed his car north out of the driveway and across the street striking an automobile which was parked on the street, causing damage to the automobile in an amount exceeding $160. Pictures of the automobile admitted in evidence show extensive damage to the left front door of the automobile. I am satisfied *103 that the evidence was sufficient to satisfy the jury, beyond a reasonable doubt, that the defendant knew, or should have known, that he did damage to the automobile and should have stopped and complied with the provisions of subdivision 5-a of section 70 of the Vehicle & Traffic Law. (People v. Hakala, 270 App. Div. 612; People v. Curtis, 225 N. Y. 519.)
The second ground upon which the appellant seeks a reversal of the conviction is that improper testimony was admitted as to the question of the intoxication of the defendant at the time of the collision. It is true that in ordinary circumstances, the questions asked by the District Attorney concerning the intoxication of the defendant and indicating that the defendant may have been intoxicated at the time, would be highly improper and grounds for reversal of the conviction. However, in this trial, evidence was admitted on the direct testimony of the defendant concerning the drinking of alcoholic beverages in the restaurant. Under these circumstances, the defendant should not complain when the District Attorney questions him further upon that subject.
The conviction is affirmed. Prepare order accordingly.