MARY GREENER, as Administratrix of the Estate of BERNARD GREENER, Deceased, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.

Negligence — evidence — res gestæ — action for death of employee injured by fall from a ladder — erroneous admission of statements by plaintiff's intestate, as to cause of accident.

1. Whether a declaration is properly part of the *res gestæ* depends upon its character, whether it be so spontaneous, or natural, an utterance as to exclude the idea of fabrication, or whether it be in the nature of a narrative of what had occurred.

2. The death of plaintiff's intestate was caused by a fall from a ladder. Over the objection and exception by the defendant a witness, who was standing a few feet away from where the deceased had fallen and who went over to him, was allowed to testify, "When I asked him what had happened, he said 'My feet is broke; the ladder bent over.'" *Held*, that this was narrative and hence erroneously admitted.

*Greener* v. *General Electric Co.*, 153 App. Div. 439, reversed.

(Argued June 9, 1913; decided June 17, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James O. Carr* for appellant. The admission of the conversation between the witness Carlsen and the plaintiff's decedent, Greener, was an error on the part of the trial court and highly prejudicial to the defendant. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274; *Norris* v. *Interurban S. R. Co.*, 90 N. Y. Supp. 460; *Hall* v. *Uvalde Asphalt Co.*, 92 N. Y. Supp. 46; *Butler* v. *M. Ry. Co.*, 143 N. Y. 417; *Wagner* v. *Clauson & Son*, 146 App. Div. 70; *Lahey* v. *Ottman Co.*, 73 Hun, 62; *Austin* v. *Bartlett*, 178 N. Y. 310.)

*C. G. Fryer* and *Edgar T. Brackett* for respondent. The declaration of the deceased made to Carlsen directly after the deceased struck the ground, " My feet is broke, the ladder bent over," was competent. (*Scheir* v. *Quirin,* 77 App. Div. 624; 177 N. Y. 568; *Patterson* v. *Hochster,* 38 App. Div. 398; *Mackey-Smith* v. *Crawford,* 56 App. Div. 136, 143; *Witmer* v. *Buffalo, etc.,* 112 App. Div. 698; 187 N. Y. 572; *Powers* v. *West Troy,* 25 Hun, 561; *People* v. *Del Vermo,* 192 N. Y. 470; *Rex* v. *Osborne,* 74 L. J. [K. B.] 311; *Rex* v. *Foster,* 6 C. & P. 325; *Aver son* v. *Kinnard,* 6 East, 193; *Travelers Ins. Co.* v. *Sheppard,* 85 Ga. 751; 3 Wigmore on Evidence, § 1747.)

GRAY, J. This action was brought to recover damages of the defendant for being the cause of the death of the plaintiff's intestate, an employé. In substance, the alleged negligence was that the defendant had provided for the use of its workmen a defective and insecure ladder, in connection with an overhead crane erected in its works; from which the deceased fell, or was thrown, to the floor of the building. The facts disclosed by the evidence were such as to warrant the jurors in finding that the deceased, who was employed as a " rigger," upon the day in question, was standing on top of the carriage of the crane when he was called to by the crane repairman, from the floor, to come down and to assist in hoisting up a piece of machinery; that, in attempting to comply with the order and to descend from his position, he stepped upon an iron ladder, extending from a crane cage, which depended from the cross girders on which the crane carriage moved, for the purpose of reaching the lateral girders and of thus using another ladder to get to the floor; that this mode of ascending, or descending, from floor to crane was not prohibited, nor unusual; that the crane ladder, which was bolted to the floor and to the top of the crane carriage, and extended some three or four feet above it, unattached, was inadequate to the strain of the

weight of the deceased, when subjected to it on this occasion; that it had bent under him, throwing him to the floor, and that, as the result of injuries then received, he had, subsequently, died. Without otherwise referring to the evidence, we think that the judgment appealed from might stand, were it not for a serious error committed by the trial court in the reception in evidence of a declaration of the deceased, made to a fellow-workman after his fall and which may have influenced the decision by the jurors of the question of fact. Whatever we may consider to have been the sufficiency of the other evidence, we could, and should, not assume that a declaration, made under such circumstances, may not have had its effect upon the jurors' minds. A witness, also, employed as a "rigger," and who was standing a few feet away from where the deceased had fallen, went over to him and, as he lay there, "asked him what had happened." Over the objection of the defendant, he was, then, allowed to state what the deceased said and an exception was taken to the ruling. The witness testified: "when I asked him what had happened, he said 'my feet is broke; the ladder bent over.'" The admission in evidence of the declarations of an injured person constitutes an exception to the general rule that excludes hearsay evidence and is only justified when the declarations are spontaneous utterances, or exclamations. There is no confusion in the decisions of this court upon this question. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274; *Martin* v. *N. Y., N. H. & H. R. R. Co.*, 103 id. 626; *People* v. *Del Vermo*, 192 id. 470.) In *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, the question was carefully considered and the authorities were reviewed. There, the testimony of a witness as to what the injured person had declared, a few minutes after the accident, as to how it happened, was admitted and, for the error in the admission, the plaintiff's judgment was reversed. The vice of the evidence was held to be in the declaration being

narrative of the past transaction and thus depending for its truth upon the reliability of the statements of the deceased and the veracity of the witness. The decision was followed in *Martin* v. *N. Y., N. H. & H. R. R. Co.* In *People* v. *Del Vermo*, the witness was walking with the deceased and the defendant, when the former fell upon the sidewalk. The witness asked him "what is the matter" and the deceased answered "Del Vermo stabbed me with a knife." The admission of the witness' evidence as to this declaration was held proper "as a part of the *res gestæ*, in the broadest sense of the term." Judge WILLARD BARTLETT, again, considered the question with much care, in the light of our, and of other, decisions, and held that the testimony was properly received. The declaration so accompanied the occurrence of the assault as to come within the exception to the general rule.

The distinction to be made is in the character of the declaration; whether it be so spontaneous, or natural, an utterance as to exclude the idea of fabrication; or whether it be in the nature of a narrative of what had occurred. In the present case, the declaration of the deceased was not spontaneous; it was called forth by the inquiry as to "what had happened" and was, distinctly, narrative. As it was observed in the dissenting opinion below, "it was, in effect, a statement that the falling was not accidental, nor due to the negligence of the plaintiff's intestate, but was due to an occurrence upon which might be predicated negligence upon the part of the defendant."

For the error pointed out, the judgment must be reversed and a new trial had; costs to abide the event.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDE-BACK and MILLER, JJ., concur.

Judgment reversed, etc.