# COURT OF APPEALS.

## February 25, 1919.

## THE PEOPLE v. RAYMOND J. CURTIS.

### (225 N. Y. 519.)

(1.) MOTOR VEHICLES*—VIOLATION OF STATUTES (HIGHWAY LAW, CH. 30, § 290, SUBD. 3) REQUIRING PERSON WHO INJURES THE PERSON OR PROPERTY OF ANOTHER IN OPERATING AN AUTOMOBILE TO GIVE HIS NAME AND OTHER FACTS TO THE INJURED PERSON OR A DESIGNATED OFFICER.

The legislature has directed that an appellate court, in a criminal case, shall give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties (Code Crim. Pro., § 542), and where the jury, upon the trial of a defendant indicted for a crime, if governed by the rule of reason as laid down by the trial judge and guided by the light of human experience in determining the facts, could not have rendered a verdict other than a verdict for conviction, because the defendant's own testimony, taken in connection with the conceded and uncontradicted facts, required such result, an exception to the admission of the declaration of a person injured by the unlawful act of defendant does not affect the substantial rights of the defendant.

(2.) SAME—EVIDENCE—RES GESTÆ WHEN DECLARATION OF INJURED PERSON ADMISSIBLE IN EVIDENCE UPON TRIAL OF DEFENDANT INDICTED FOR VIOLATION OF SAID STATUTE.

Where upon the trial of a defendant who, in violation of the Highway Law (L. 1909, ch. 30, § 290, subd. 3, as amd. by L. 1910, ch. 374) and knowing that the automobile which he was operating had collided with a wagon throwing the driver thereof to the street and injuring him seriously, had nevertheless gone on without stopping and giving his name and other facts required by the statute to the injured person or to any police, or other, officer, the judgment of conviction should not be reversed because a witness, who had heard the sound of the collision and was looking out of the window when defendant drove away, and saw the injured man crawling to the sidewalk and heard him call for help and a doctor, was permitted to state what he said. The evidence was admissible

---

* See note, Vol. 28, p. 242.

because it was a part of the *res gestae;* the declaration was spontaneous and natural and the circumstances exclude the idea of fabrication.

People v. Curtis, 184 App. Div. 924, affirmed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 21, 1918, which affirmed a judgment of the Jefferson County Court rendered upon a verdict convicting defendant of the crime of violating subdivision 3 of section 290 of the Highway Law.

The facts, so far as material, are stated in the opinion.

*Pardon C. Williams,* for appellant.

*Jerome B. Cooper, District Attorney,* for respondent.

MCLAUGHLIN, J.:

The defendant was convicted of violating subdivision 3 of section 290 of the Highway Law. (Laws of 1909, ch. 30, as amd. Laws of 1910, ch. 374.) There have been two trials. The first resulted in a judgment of conviction, which was affirmed by the Appellate Division, but reversed by this court for errors in the admission of evidence, and a new trial ordered. (217 N. Y. 304.) The second also resulted in a judgment of conviction, which was unanimously affirmed by the Appellate Division, and defendant again appeals to this court.

The section of the Highway Law referred to, or so much of it as is pertinent to the question presented by the appeal, reads as follows: " Any person operating a motor vehicle who, knowing that injury has been caused to a person or property, due to the culpability of the said operator, or to accident, leaves the place of said injury or accident, without stopping and giving his name, residence, including street and street number, and operator's license number to the injured party, or to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting the same to the nearest

police station, or judicial officer, shall be guilty of a felony punishable by a fine of not more than five hundred dollars or by imprisonment for a term not exceeding two years, or by both such fine and imprisonment * * * ."

There is little dispute as to the material facts involved. On the 11th of October, 1913, the defendant, a resident of the city of Watertown, was the owner and operator of an automobile. It weighed upwards of two tons and was between fifty and sixty horse power. Between twelve and one o'clock at night on the day mentioned he, with two persons, one named Gilligan and the other Lytton, started, with the automobile, on Washington street in such city, for a ride. When they reached Chestnut street, which intersects Washington street at right angles, the automobile was running upwards of twenty miles an hour. The top was down and the lamps were lighed. There was also an arc light at the intersection of the streets mentioned. After the car had passed Chestnut street and was about one hundred and seventy feet therefrom, Lytton, who was sitting in the rear seat — the defendant and Gilligan being in the front seat — called to the defendant, saying: "Look out, boys, there is something ahead; we are going to catch it." The something to which Lytton referred was a horse and wagon going in the same direction as the automobile, and driven by one Cole. When Lytton spoke to the defendant the automobile was so close to the horse and wagon that notwithstanding the brakes were immediately applied, it nevertheless collided with the wagon, and the force of the impact was such that the automobile, wagon and horse attached thereto, were turned completely around, and when the collision was over they were facing in the opposite direction from which they were previously going. Cole was thrown from his seat to the street and very seriously injured. One thill and the reach of the wagon were broken, and the rear axle bent. The horse was injured, being cut or scratched on the left gambrel, and the automobile somewhat damaged. Immediately follow-

ing the collision Lytton and Gilligan got out and went to Cole, who was then lying in the street two or three feet in the rear of the automobile. They asked him if he were hurt and he said he was. They took hold of him and undertook to place him on his feet, but he was unable to stand by reason of the injuries he had sustained. Gilligan then went to the defendant, who was sitting in the automobile about seven feet from where Cole was lying, and after remaining there a very short time went back to Lytton and Cole and said: " Come on, he is only winded, only busted up a bit and scared." He then returned to the car and he and the defendant called to Lytton to get into the car, Gilligan saying: " Come, get back into the car, he is only busted up a bit. There will be trouble here," and Cole responded, saying: " For God's sake don't leave me here alone." The three got into the automobile and drove away, leaving Cole lying in the street, and before the automobile had gone one hundred and seventy feet, and within ten seconds after it left Cole, the People's witness, Katherine I. Foley, who had been awakened by the sound of the collision and was standing at an open window which faced the spot where the accident occurred, saw the defendant and his two companions drive away, and she also, within that time, saw Cole crawling towards the sidewalk and heard him say, " Oh, my God, get me help; get me a doctor."

It is said because this witness was permitted to testify to this declaration of Cole's that the judgment must be again reversed and a new trial ordered. I am unable to agree to this result. I think this evidence was admissible because it was a part of the *res gestæ*. The admission in evidence of the declarations of of an injured person constitutes an exception to the general rule that excludes hearsay evidence, and is justified when the declarations are so spontaneous or natural as to exclude the idea of fabrication. (People v. Sprague, 217 N. Y. 373; Greener v. General Electric Co., 209 N. Y. 135.) This declaration was spontaneous. It was made within ten seconds after defendant

left Cole. It was natural that one injured as severely as Cole was, when he learned that he had been left alone lying in the street at that hour of the night, should call for help and medical care. All of the circumstances exclude the idea of fabrication.

But assuming that the testimony of the witness Foley as to the declaration of Cole was erroneously admitted, it did not harm the defendant. He knew there had been an accident; that his automobile had collided with a wagon with sufficient force to turn both vehicles completely around, and to throw a person on the wagon to the street; and that such person was injured. If he did not see Cole lying in the street when he drove away, it was because he did not look; if he did not hear Cole tell Gilligan and Lytton that he was injured so he could not stand, it was because he did not listen. He could not evade the provision of the statute quoted by neglecting to do either. There was an obligation imposed upon him, as the operator of the automobile — no matter what Gilligan told him or whether he heard Lytton say " the man is pretty badly hurt "—to ascertain for himself, before he drove away, whether Cole was injured or his property damaged. Had he discharged that obligation he would, before leaving the scene of the accident, have given to Cole his name, residence, street number, and the number of his license. It is quite apparent, when all of the evidence is considered, that his one thought was to get away as quickly as possible. The evidence is that he left the place of the accident within two or three minutes after it occurred, indicating as clearly as anything can, that instead of trying to obey the statute, he intended to evade it by concealing his identity. Nor did he disclose it until he was called upon by the police officer the following afternoon.

The legislature has directed that an appellate court, in a criminal case, shall give judgment without regard to technical errors or defects, or exceptions which do affect the substantial rights of the parties. (Code Crim. Pro., § 542.) We fre-

quently, even in capital cases, obey this direction. (People v. Sprague, *supra;* People v. Ferola, 215 N. Y. 285; People v. Kane, 213 N. Y. 260; People v. Sarzano, 212 N. Y. 231.)

The exception to the admission of the declaration referred to did not affect the substantial rights of the defendant. The jury, if governed by the rule of reason in applying the law as laid down by the trial judge, and guided by the light of human experience in determining the facts, could not have rendered a verdict other than the one which it did. The defendant's own testimony, taken in connection with the conceded and uncontradicted facts, required such result.

The other alleged errors have been carefully examined but do not seem to be of sufficient importance to be here consdered.

The defendant had a fair trial, and was justly convicted and judgment should be affirmed.

CHASE, CUDDEBACK, CRANE, and ANDREWS, JJ., concur; COLLIN and HOGAN, JJ., dissent.

Judgment affirmed.