■ LAWRENCE JONES, an Infant, by His Guardian ad Litem, HAROLD LANE, et al., Respondents, v. HERBERT E. EIMERS, Appellant.— In an action to recover damages for personal injuries, the defendant appeals, by permission of this court, from an order of the Appellate Term of the Supreme Court, entered May 22, 1964, which affirmed an order of the Civil Court, Queens County, entered July 17, 1963, denying defendant's motion to vacate plaintiffs' statement of readiness and to strike the action from the Trial Calendar. Order of the Appellate Term affirmed, without costs. Appellant cannot invoke our Special Rule, effective March 1, 1962, which is applicable to physical examinations and exchange of medical information. The rule pertains to "the party to be examined." In serving notice under the rule, plaintiffs proceeded on the assumption that the infants would be examined by defendant. When defendant failed to serve notice, required under the rule, of the name and address of his examining physician, it was made clear to plaintiffs that defendant would not examine and, therefore, the rule was inapplicable. In consequence, defendant may not invoke the rule to procure a copy of the report of the plaintiffs' examining physician to be exchanged, under the rule, for a copy of the report of the defendant's examining physician. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

■ VIVIAN W. MOSES, as Administratrix of the Estate of GEORGE W. MOSES, Deceased, Appellant, v. SEYMOUR M. LITMAN, as Executor of BENNY GIBSON, Deceased, et al., Respondents.— In a wrongful death action, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, in favor of defendant Litman, entered May 11, 1964 upon a jury verdict in favor of defendant Litman, and in favor of defendant Gibson's Fish & Chips, Inc., upon the court's dismissal of the complaint as to it. As to defendant Gibson's Fish & Chips, Inc., the judgment is affirmed, without costs. As to defendant Litman, the judgment is reversed on the law, without costs, and new trial granted; and action as to said defendant severed. The questions of fact have not been considered. With respect to defendant Litman, we believe it was prejudicial error for the trial court to refuse to charge the rule of *Noseworthy* v. *City of New York* (298 N. Y. 76; see, also, *Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497; *Andersen* v. *Bee Line*, 1 N Y 2d 169). With respect to defendant Gibson's Fish & Chips, Inc., there was no proof to connect it with the death of plaintiff's decedent or to make it liable therefor; nor does plaintiff's brief urge any grounds for reversal or a new trial as to said defendant. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.