■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOLORES MILLER, Appellant.

Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER WILLIAMS, JR., Appellant.

Memorandum: On the trial, at which defendant was convicted of first degree manslaughter, two witnesses testified that the deceased victim had said several times that defendant had cut her. Questions eliciting such testimony might have been proper if they had resulted in a showing that defendant tacitly admitted his guilt by silence. The witnesses testified, however, that defendant on each occasion denied the accusation. The record shows that testimony of such denials is in the Grand Jury minutes and that the court and attorneys were aware of such denials before the questions were asked at the trial. Under the circumstances the repeated receipt of such evidence would constitute prejudicial error unless the decedent's declarations were shown to have been spontaneously made. Respondent contends that the testimony shows that the declarations were so made. To be admissible on that theory the statements would have to have been made spontaneously and impulsively rather than reflectively and with deliberation. (*People* v. *Del Verma*, 192 N. Y. 470; *People* v. *Hall*, 260 App. Div. 421; *People* v. *Hughes*, 11 A D 2d 874; *People* v. *Curtis*, 225 N. Y. 519, 523; *People* v. *Marks*, 6 N Y 2d 67, cert. den. 362 U. S. 912.) Factors which are requisite for admissibility were not present in this case. The declarations were made sometime between 11 and 20 minutes after the stabbing. When first observed by the witnesses the victim was sitting in a chair. Her neck was bleeding a little, not too much. The statements were made in answer to inquiries from the witnesses and not as an outcry from the pain or excitement of the occasion. Decedent's declarations were not shown

to have been spontaneously made and for that reason they should not have been received in evidence. (Appeal from judgment of Erie County Court, convicting defendant of manslaughter first.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.