Samuel S. Leibowitz, J.
Plaintiffs move for reconsideration of the denial of their motion to set aside the verdict of the jury in favor of the defendants and direst a verdict for the plaintiffs.
This is a negligence action involving a collision between two motor boats. The plaintiff Robirt Schechter, in addition to sustaining serious bodily injuries, suffered a loss of memory. As a result thereof, although phintiff took the stand, he was unable to tecali the events thst occurred at the time of the accident. However, one Alice Stone, a passenger in his boat, testified in detail in his behalf
The court charged the jun that if they were satisfied from the medica/ and other evidence presented that the plaintiff is suffering from a loss oí memory that makes it impossible for him to recall events at or about the time of the accident, and if they found that the injuries that plaintiff incurred in the ac^dezu were a substantial factor in causing his loss of memr,ry» then the plaintiff is not held to as high degree of proof as ’ be sa plaintiff whe can himself describe the occurrence.
Counstl foi - defendants took exception to this portion of the charge. oo„-nsei avgued that the Noseworthy rule (Nose-worthy v City of New York, 298 A. Y. 76) did not apply to any ease involving a lo¡ s of memory or in a situation such as this where there was an eyewitness to the accident who testified for plaintiffs. Thereupon the court retracted its.original charge and instructed the jury to disregard that portion of the charge.
It is the contention of the plaintiffs that the court was led into error by the defendants’ request that the court retract its charge under the doctrine of Noseworthy v. City of New York (supra) and substitute therefor the usual %Mgligenee charge and that this retraction and recharge resulted An the erroneous verdict returned by the jury.
This contention is untenable. In Noseworthy, which wa*s st death action, the only eyewitness was the motorman, the person directly charged with having caused the injuries and subsequent \ death of the decedent. There the Court of Appeals (p. 80) 1 approved a charge that ‘“in a death case such as this, the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident ’ ”. The rationale of the rule is that the decedent is not available to describe the occurrence and it is unfair to permit the defendant, who has knowledge of the facts, to benefit thereby.
*742 In the case at bar the plaintiff was incapable of relating any of the facts in connection with the accident because of his loss of memory suffered due to the injuries sustained. It may well be that no difference or distinction exists between death of the body and deaih of the mind insofar as the ability of a plaintiff to testify and give his version of the occurrence. However, such a determination need not be made at this time as there was an eyewitness called by the plaintiffs, who testified at the trial and furnished specific information in behalf of the plaintiffs with respect to the happening of the accident,. Therefore, it would appear that the rule as prescribed in the Noseworthy case would net be applicable . under the circumstances herein.
Plaintiffs rely upon the case of Swensson v. New York, Albany Desp. Co. (309 N. Y. 497). The; maintain that tile Court of Appeals applied the Noseworthy rile therein where there was an eyewitness to the accident. Such reliance is' misplaced because the Swensson case is distinguishable upon its facts. It was a consolidated death and peisonal injury acfibtv-'- which the living plaintiff gave eyewitness testimony of Vvhst had happened. The court applied the Noseworthy rule with resv,Rr.j to the death action. However, said eyewitness testified m her own behalf. She sued the employer of -Y- deceas'd avid another. She did not testify in behaY of the decedent. Thus, the Noseworthy rule would hr applicable theism with regard to the death action, inasnuch as there was no such testimony adduced in behalf of the decedent at the trial.
In the instant case, as hereinbefore stated, in view of the fact that there was an eyewitness who testified in behalf of the plaintiffs, the Noseworthy rule may not be utilized; consequently, plaintiffs are not entitled to the relief sought herein. Accordingly, the motion is denied.