Harold J. Crawford, J.
This is an action by plaintiff Eva Wells, as administratrix of the estate of her deceased husband Leroy Wells, for conscious pain and suffering, medical expenses, and wrongful death.
The decedent was a pedestrian in the vicinity at Glen Street, Glen Cove, Nassau County, when he was apparently struck by an automobile owned by the defendant, Dorothy Sinning, and operated by the defendant, Edward Sinning, which was in a collision with a train owned by the defendant, the Long Island Rail Road Company. The accident occurred at 2:15 a.m. on February 16, 1964 and the said Leroy Wells received very serious and very extensive injuries. He was unconscious when he was removed to Community Hospital in Glen Cove, where he died on February 24, 1964.
The plaintiff brought her action in this court in July, 1964 against the Long Island Rail Road Company and against Edward Sinning, the driver of the automobile and against Dorothy Sinning, the absentee owner of the automobile.
The Long Island Rail Road Company on June 17,1964 brought an action against both Edward Sinning and Dorothy Sinning in First District Court, Nassau County, for damage to its personal property.
The defendants, Edward Sinning, Jr., and Dorothy Sinning, on August 19, 1964 brought an action in this court against the Long Island Rail Road Company for personal injuries and for property damage. This action was transferred to the New York City Civil Court, Queens County, on December 16, 1966.
Thereafter, and on March 29, 1967, an order of consolidation of this court removed the action that was pending in the Civil Court, Queens County, wherein Edward Sinning, Jr., and Dorothy Sinning were plaintiffs and the Long Island Rail Road Company the defendant, and also removed the action then pending in the Nassau County District Court, First District, wherein the Long Island Rail Road Company was the plaintiff and Edward and Dorothy Sinning were defendants.
After a seven-day trial, the jury returned a verdict as follows:
1) In favor of the plaintiff and against Sinning and the Long Island Rail Road Company;
2) In favor of Dorothy Sinning against the Long Island Rail Road Company in the sum of $375 for property damages to her automobile;
*22 3) In favor of the Long Island Rail Road Company against the defendants Sinning in the snm of $600.14 for property damage to its equipment.
Immediately after the verdict by the jury, the plaintiff moved to sever the action of the Long Island Rail Road Company against Sinning and the defendant the Long Island Rail Road Company moved to set aside the over-all verdict. Decision was reserved on both motions.
The defendant the Long Island Rail Road Company brings this motion pursuant to CPLR 4404 (subd. [a]) for an order “ vacating and setting aside the verdict of the jury entered in the record herein on October 31st, 1968, as contrary to the weight of the evidence and to the interests of justice, and as excessive in amount, and directing judgment dismissing the complaints of Eva Wells and Dorothy and Edward Sinning against The Long Island Rail Road Company, and granting judgment against Dorothy and Edward Sinning in favor of The Long Island Rail Road 'Company ”.
The defendants, Dorothy Sinning and Edward Sinning, as plaintiffs in their action against the Long Island Rail Road Company, bring this cross motion pursuant to CPLR 4404 (subd. [a]), for an “ Order vacating and setting aside the verdict of the jury entered in the record herein on October 31, 1968, as contrary to the weight of the evidence and to the interests of justice, and for a new trial for plaintiff edwabd suomre ”.
The defendants, Dorothy Sinning and Edward Sinning, as defendants in the action, Eva Wells against Dorothy Sinning and Edward Sinning and also as defendants in the action, the Long Island Rail Road Company against Edward Sinning and Dorothy Sinning, also cross-move for an order ‘ ‘ vacating and setting aside the verdict of the jury entered in the record herein on October 31st, 1968, as contrary to- the weight of the evidence and to. the interests of justice, and as excessive in amount, and directing judgment dismissing the complaints of Eva Wells and The Long Island Rail Road Company against Dorothy Sinning and Edward Sinning.”
Defendants first attack the verdict of the jury on the ground that it is contrary to the weight of the evidence and consequently should be set aside.
A jury verdict should be set aside on this ground only where it is obviously incorrect. It must be clearly evident that the jury reached its verdict upon a complete misapplication of its collective intelligence in the interpretation of the evidence presented. Basic governing principles as to what constitutes “ contrary to the weight of the evidence ” cannot be specifically *23 enumerated, as was pointed out by the court in Mann v. Hunt (283 App. Div. 140) where it analyzed and critically examined the role of a Trial Judge in deciding whether to set aside a verdict on the ground that it is contrary to the weight of the evidence.
At bar the jury weighed the conflicting evidence, adjudged the credibility of the witnesses and arrived at its verdict finding both defendants negligent. The verdict was consistent with the testimony and a plausible interpretation of the evidence offered for their consideration. The verdict cannot be said to have been the result of palpable error. The setting aside of this verdict in favor of the plaintiff would not be justified. (Smith v. McIntyre, 20 A D 2d 711; Budris v. Rabinowitz, 22 A D 2d 895.)
The defendants next assail the verdict as excessive and therefore claim that it should be set aside and a new trial granted. The jury diligently enumerated the amounts of their verdict. Thought and deliberation produced their determination in awarding $75,000 for wrongful death, $25,C 00 for loss of parental guidance, $10,000 for pain and suffering, and $5,000 for medical and hospital expenses.
These careful mathematical calculations cannot be waived aside unless the verdict is clearly excessive. The jury was not confused and their verdict was not one of sympathy or passion. The numerical calculation of damage is the province and prerogative of the jury. A verdict will not be set aside unless the verdict is manifestly unfair. Such is not this case. (Mathews v. Brooklyn & Queens Tr. Comm., 245 App. Div. 731; Scott v. State of New York, 27 A D 2d 961.)
The defendants further oppugn the verdict on the ground that the testimony of the police officer was improperly admitted and that such testimony was false and therefore the verdict should be set aside.
Defendants contend that the only evidence connecting the injury and resulting death of the decedent with the accident between the railroad train and the automobile of Sinning, was the testimony of the police officer, Sergeant Sorrentino. Thus, if that testimony should not have been admitted or if that testimony was false and a fraud upon the court, then the verdict should be set aside.
There is no doubt that the statements made by the decedent to the police officer were hearsay declarations. However, they fall within a recognized exception to the hearsay rule. They are spontaneous declarations which are part of the res gestae and are admissible. (Swensson v. New York, Albany Despatch Co., 309 N. Y. 497; People v. Curtis, 225 N. Y. 519; People v. *24 Del Vermo, 192 N. Y. 470; Scheir v. Quirin, 77 App. Div. 624, affd. 177 N. Y. 568; 6 Wigmore, Evidence [3d ed.], §§ 1745-1750.)
The decedent uttered the spontaneous statement immediately after regaining consciousness. He was seriously injured and in great pain. He had just been involved in a startling accident. He was unconscious from the time of the happening of the accident until he gave his statement. After giving his statement, he again lapsed into unconsciousness. His statement referred to a detail of the main bewildering event. It was made before the decedent had time to fabricate or an opportunity to fabricate or inclination to fabricate. The cases cited by the defendants are all instances where the statement of the decedent was upon a past narrative and properly inadmissible. The Court of Appeals delineated the two classes of cases in Greener v. General Elec. Co. (209 N. Y. 135, 138): “ The distinction to be made is in the character of the declaration; whether it be so spontaneous, or natural, an utterance as to exclude the idea of fabrication ; or whether it be in the nature of a narrative of what had occurred.” The statement made by the decedent to the police officer is within the pattern of the expressed rule and admitted as a spontaneous declaration. Judge Vajst Voorhis in People v. Marks (6 N Y 2d 67, 71-72) examined the rationale of the principle set down in the Del Vermo case thusly: “ Professor Wig-more has analyzed this subject with his usual clarity, distinguishing spontaneous declarations from the doctrine of res gestae. The latter refers to verbal acts, forming part of the transaction itself. A spontaneous declaration, upon the other hand, is a true exception to the hearsay rule (Wigmore, Evidence, § 1745). It is a narrative of a past transaction, although usually of a transaction occurring immediately before. The basis of this exception to the hearsay rule is that the spontaneity of declarations of this kind gives more assurance of veracity than is true of the usual hearsay declaration. Wigmore says (§ 1747, subd. [I]): ‘ This general principle is based on the experience that, under certain circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control * * *. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker’s belief as to the facts just observed by *25 him; and may therefore be received as testimony to those facts. The ordinary situation presenting these conditions is an affray or a railroad accident. But the principle itself is a broad one.’
“ Wigmore says that there can be no definite or fixed limit of time within which the declaration shall have been made, that each case must depend upon its own circumstances (§ 1750), adding that the utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance.”
In accordance with the above, the spontaneous declarations of the deceased were admitted.
Defendants also urge that there is a conflict between the testimony of the police officer as given on this trial and his testimony given at a motor vehicle hearing and that this inconsistency established the testimony as false and a fraud upon the court and therefore the verdict should be set aside.
Any inconsistency regarding the testimony of the police officer, however, was brought to the attention of the jury through the vigorous cross-examination by both defendants. The inconsistency is not as apparent as defendants allege. In any event, it is not such an inconsistency that would demand labeling the police officer’s testimony false or perjurious. There is no evidence that the verdict was obtained by false or prejudicial testimony.
Lastly, the defendants assault the jury verdict as being inconsistent and should, therefore, be set aside.
Defendants claim that since the jury also found a verdict in favor of the Long Island Rail Road Company in the sum of $600.14 for its property damage against the defendants Sinning, that the jury thereby found that the Long Island Rail Road Company was not negligent. The reasoning is completely fallacious. The foreman of the jury stated with positive assurance that the jury found both the Long Island Rail Road Company and Sinning negligent. Reference is made to the transcription of the verdict by the court reporter at page 5.
“ the court: I will specifically ask this Jury: Gentlemen of the Jury, in the action of Wells against the Sinnings and the Long Island Railroad, was your verdict to the effect that you found both the Sinnings and the Long Island Railroad negligent, is that correct?
“ the foreman: That’s right.”
There can be no dispute that the jury found both defendants negligent. The jury was charged that if they found that the *26 Long Island Bail Boad Company and Sinning were both negligent, that neither of these defendants could recover against the other.
Despite the court’s charge, the jury found a verdict in favor of the Long Island Bail Boad Company against Sinning. That part of the verdict is now set aside as inconsistent as a matter of law. The court is not substituting its judgment of the facts or its opinion in place of that of the jury. As a proper exercise of authority, I am correcting an error of law made by the jury.
The jury, having found both the Long Island Bail Boad Company and Edward Sinning joint tort-feasors, could not find a verdict in favor of the Long Island Bail Boad Company against Sinning.
Once the jury had expressed the fact that they had found both the defendants negligent, the jury could not be sent back to reconsider their neglect to follow directions of the court. The verdict in favor of a joint tort-feasor against his co-tort-feasor must be set aside, not as a correction of the jury’s factual findings, but in conformity with those findings and in accordance with law. The factual findings made by the jury should not be jeopardized by their inability to understand the point of law.
To sever this cause of action by the Long Island Bail Boad Company against Sinning and direct a new trial would not be in the interest of justice. Therefore, judgment, notwithstanding the verdict, is granted in favor of the defendants Dorothy and Edward Sinning in the action wherein the Long Island Bail Boad Company is the plaintiff, as a matter of law. (CPLB 4404, subd. [a].)
Accordingly, that branch of the motion by defendant the Long Island Bail Boad Company to set aside the verdict of the jury is denied. That portion of the motion which seeks judgment dismissing the complaints of Eva Wells and Dorothy and Edward Sinning against the Long Island Bail Boad Company is also denied. That portion of the motion which seeks a judgment against Dorothy and Edward Sinning in favor of the Long Island Bail Boad Company is also denied.
The cross motion by defendant Sinning as plaintiff in Action No. 2, which seeks .to set aside the jury verdict and for a new trial for Edward Sinning is also denied.
The cross motion by defendants Sinning as defendants in Actions No. 1 and No. 3, to set aside the verdict of the jury and for judgment dismissing the complaints of Eva Wells and the Long Island Bail Boad Company against Dorothy Sinning and Edward Sinning is denied.
*27 The motion by the Long Island Bail Boad Company, made at the close of the trial, to set aside the over-all verdict of the jury, upon which decision was reserved, is now denied.
The motion hy plaintiff made at the close of the trial to sever Action No. 3, the Long Island Bail Boad Company against Sinning, upon which decision was reserved, is also now denied.
All other motions made during trial are disposed of in accordance with the conclusions above stated.