■ ROBERT SCHECHTER, an Infant by ABRAHAM J. SCHECHTER, His Father, Appellant, v. ROBERT KLANFER et al., Respondents.— In a negligence action to recover damages for personal injuries sustained in a collision of two motor boats, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 30, 1968, in favor of defendants upon a jury verdict. Judgment affirmed, with costs. No opinion. Munder, Acting P. J., Martuscello and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and grant a new trial with the following memorandum: In this action to recover damages for personal injuries resulting from the collision of two motor-

boats, the Trial Judge intially charged the jury that if it were satisfied that plaintiff was suffering from loss of memory as a result of the accident, rendering it impossible for him to testify as to the facts of the accident, then he would not be held to as high a degree of proof as would a plaintiff who could, himself, describe the accident. Such a charge, where a plaintiff suffers amnesia as a result of the accident, is based on, and considered a logical extension of, the rule enunciated in *Noseworthy* v. *City of New York* (298 N. Y. 76) for wrongful death actions (*Cameron* v. *Dooley*, 18 A D 2d 130; *Cresci* v. *City of New York*, 27 A D 2d 277; cf. *Berg* v. *State of New York*, 40 Misc 2d 354). *Noseworthy* held, *inter alia*, that a plaintiff in a wrongful death action is not held to as high a degree of proof as one who can, himself, describe the accident. However, the Trial Judge retracted the charge aforementioned on the ground that, since an eyewitness to the accident had testified on plaintiff's behalf, the *Noseworthy* rule did not apply. In effect, he held that, for the rule to be applicable, two conditions must be present, namely, (1) the injured plaintiff must be unable to give his version of the accident and (2) other direct evidence, as to the occurrence, must be unavailable to him. In my opinion, the learned Trial Judge erred in retracting the *Noseworthy* charge. The basic thrust of *Noseworthy* is that the representative of a decedent (and by logical extension, an amnesia victim [cf. *Cameron* v. *Dooley*, *supra*]), by reason of the accident, has been denied his fundamental right to render the decedent's version as to the occurrence. No other evidence can replace that right. The following language in *Noseworthy* (p. 80) fully supports such a proposition: " In the earlier cases, before the burden of proof as to contributory negligence in death cases, was, in 1913, shifted by statute (Decedent Estate Law, § 131) to defendants, the courts announced the rule that since the one accused of contributory negligence was not alive *to speak for himself*, only slight proof of his freedom from guilt would be required * * *. But the recent cases do not limit this liberality to the question of contributory negligence, and say that in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an *injured plaintiff can himself describe the occurrence* " (italics added). I am also of the opinion that *Swensson* v. *New York, Albany Despatch Co.* (309 N. Y. 497), cited by plaintiff, fully supports his position that the *Noseworthy* rule applies even though there is eyewitness testimony on behalf of a plaintiff. The Trial Judge held that the case was not in point. In *Swensson*, the personal injury action of a living plaintiff was consolidated with the wrongful death action of the personal representative of a person killed in the same accident. The living plaintiff's eyewitness testimony constituted substantial evidence of the personal representative's allegations. The Court of Appeals nonetheless held that the *Noseworthy* rule applied to the wrongful death action. In *Paul* v. *Staten Is. Edison Corp.* (2 A D 2d 311), decided by this court, a lineman was electrocuted when the pole on which he was working broke, causing him to fall against high tension wires. According to the record on appeal, two fellow linemen, working with the decedent at the time of the accident, saw the accident and testified in the death action brought by his personal representative. Notwithstanding such testimony, this court (pp. 313–314) stated: " In a death action such as this, in which, at the end of plaintiff's proof, the complaint has been dismissed as matter of law, the facts must be read, and their sufficiency to establish a prima facie case, must be judged in the light of these * * * well-established principles: (1) that the plaintiff is 'not held to as high a degree of proof * * * as where an *injured plaintiff can himself describe the occurrence*'" (emphasis added). (Beldock, P. J., deceased.) [56 Misc 2d 740.]