■ MARAND CONSTRUCTION CORP., Appellant-Respondent, v RAPID REHABILITATION CORP., Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, (1) plaintiff appeals from an order of the Supreme Court, Queens County, entered July 18, 1979, which granted the defendant's motion to open its default in answering a calendar call, restored the matter to the Trial Calendar, and directed that the default judgment stand as security, and (2) defendant cross-appeals from so much of the said order as provided that the judgment shall stand as security. Order modified by adding thereto, immediately after the word "granted", the words "upon condition that defendant's counsel personally pay to the plaintiff the sum of $750." As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Defendant's counsel's time to comply with said condition is extended until 20 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. In the event he neglects or fails to comply with the condition, then order reversed and motion denied, with $50 costs and disbursements to plaintiff. In view of the manifest delaying tactics engaged in by defendant's counsel, it is our view that it was an improvident exercise of discretion to open the default of the defendant without imposition of the condition above stated. The trial of this action should be held forthwith. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ JOSEPH MAZZUKA, as Administrator of the Estate of MARIE MAZZUKA, Deceased, v LONG ISLAND RAIL ROAD et al., Respondents, et al., Defendants.—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 8, 1976 in favor of the defendants, upon the trial court's dismissal of the complaint at the close of the plaintiff's case, upon a jury trial. Judgment affirmed, without costs or disbursements. Although a plaintiff in a wrongful death action is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence *(Swensson v New York, Albany Desp. Co.,* 309 NY 497), not every case raises a factual issue which must be submitted to the jury *(Scurti v City of New York,* 40 NY2d 433). Affording the instant plaintiff the benefit of every favorable and reasonable inference, there is no proof that the defendants were negligent. Furthermore, the facts clearly demonstrate that the decedent was contributorily negligent. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.