■ Iris F. Kaufman et al., Appellants, v Ford Motor Company et al., Respondents. [626 NYS2d 793] —Judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered January 12, 1994, which, *inter alia,* granted the motion by defendants for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion by the defendants and reinstate the complaint, and otherwise affirmed, without costs or disbursements.

Plaintiff Iris Kaufman was injured when she tripped and fell as she exited from the rear passenger side of her husband's Ford automobile. The crux of plaintiffs' complaint was that the fall and injuries occurred due to the boot of the seat belt. The IAS Court granted defendants' motion for summary judgment concluding that plaintiffs failed to raise any triable issues that the seat belt boot was the cause of the accident or that the boot was defective. We find that this grant of summary judgment was in error and, therefore, reverse as to that portion of the judgment and reinstate the complaint.

While in her examination before trial, plaintiff said she did not "see" what caused her to trip, in an affidavit submitted in opposition to the motion, plaintiff stated that it was the seat belt boot, and that defendants had mischaracterized her testimony. Further, while defendants submitted the affidavit of a Ford "Design Analysis Engineer" which opined that there was no evidence that the boot was the proximate cause of the fall, plaintiffs also submitted an affidavit from an engineer which reached the opposite conclusion. Plaintiffs expert noted "to have a six-inch obstruction blocking one's egress constitutes a trap and a hazard and creates an unsafe condition".

While the IAS Court did not make a distinction between the

seat belt being defective and being defectively designed, there was an issue of fact raised as to the safety of the design. In addition, plaintiffs submitted sufficient evidence to raise an issue of fact as to whether Mrs. Kaufman tripped on the seat belt boot. "[P]laintiffs were not required to offer evidence which positively excluded every other possible cause of the accident" *(Swensson v New York, Albany Desp. Co.,* 309 NY 497, 502, citing *Rosenberg v Schwartz,* 260 NY 162, 166). Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.