OPINION OF THE COURT
Lorraine S. Miller, J.
The defendant was found guilty, after a jury trial, of vehicular assault in the second degree, leaving the scene of an incident without reporting and reckless endangerment in the first degree. The conviction stemmed from an incident which occurred on the evening of March 19, 1992, when defendant, while driving along Prospect Parkway in an intoxicated condition, struck an individual, severing one of his legs and permanently disabling his other leg. Defendant fled the scene with several motorists in pursuit. In an effort to elude his pursuers, defendant ran several red lights and ultimately collided with a vehicle in which the second complainant was seated. Although defendant then attempted to flee on foot, he was apprehended by a bystander. The police arrived shortly thereafter and defendant was arrested (see, People v Levy, NYLJ, Dec. 18, 1992, at 24, col 3; NYLJ, Jan. 25, 1993, at 33, col 3).
Among the myriad of legal questions raised during the course of the trial and sentencing proceedings, two key issues merit extended analysis. The first issue pertains to this court’s dismissal of one count of leaving the scene of an incident without reporting; the second issue relates to the propriety of sentencing the defendant to consecutive terms of incarceration.
I. LEAVING THE SCENE OF AN INCIDENT WITHOUT REPORTING: VEHICLE AND TRAFFIC LAW § 600 (2)
Count 5 of the indictment charged the defendant with *943 having violated Vehicle and Traffic Law § 600 (2) (a), which provides, in pertinent part, that: "Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card * * * give his name, residence * * * and [other enumerated] information * * * to the injured party, if practical, and also to a police officer”.
The factual predicate for this charge related to defendant’s failure to stop, report or provide any of the requisite information to Orit Levenstein, the second complainant, after he collided with her vehicle. Instead, defendant, as previously noted, fled the scene of the second collision on foot. Over vigorous objection by the prosecutor, this court felt constrained to dismiss the leaving the scene of an incident without reporting count (as applied to Orit Levenstein) because the trial evidence did not establish that Ms. Levenstein sustained any personal or physical injury as a result of the collision, although her automobile was clearly damaged by the impact.
Vehicle and Traffic Law § 600 (2) (a) contains an inherent anomaly. This so-called "anomaly” involves the statutory requirement that the offending driver have "scienter”, i.e., that he must "[know] or [have] cause to know” that personal injury has been caused to another person by virtue of his operation of a motor vehicle. The offense of leaving the scene of an incident without reporting, however, necessarily arises because the offender does not stop, inquire or ascertain whether injury resulted from his operation of a motor vehicle. Instead, the offender ignores the consequences of his actions by leaving the scene. Logic, of course, dictates that unless a person involved in a motor vehicle incident stops and/or inquires, the element of scienter (knowledge of the resulting injury) may be difficult to establish. Accordingly, it has been held that such knowledge can be gleaned or imputed from the circumstances surrounding the collision (see, People v Lewis, 162 AD2d 760). In the Lewis case (supra) for example, defendant claimed that the trial evidence failed to establish that he "knew or had cause to know that personal injury had been caused to another” and that his conviction for leaving the scene of an incident without reporting should, therefore, be reversed. The Appellate Division rejected this contention, *944 citing evidence including defendant’s admission that he realized he had "hit something”, his awareness of the damage to his truck and the physical evidence obtained from the truck, namely scalp hair that had been removed from the windshield. Based upon the foregoing, the Court concluded that a jury could reasonably find that the victim’s head hit defendant’s windshield and that defendant, therefore, knew or had cause to know that personal injury was, in fact, caused to another.
Where the impact of a motor vehicle collision is of great magnitude, a finding of scienter (or knowledge of injury) may be implicit. In such event, a jury could reasonably conclude, based upon the nature and extent of the impact, that personal injury was sustained by another and that the offending driver would have cause to know of such injury. The Lewis case (supra) is illustrative of the foregoing proposition as were the circumstances involving the first complainant herein, who ultimately lost the use of both legs as a result of the collision. A more problematic situation arises with accidents or collisions of a minor nature for, in those circumstances, the offending driver may not have any reason to suspect that personal injury has been sustained by another. Accordingly, it would appear that in the more typical "fender-bender” type collisions, the "victim” must, in fact, sustain some degree of personal or physical injury before knowledge of injury can be imputed to the offending driver.
Support for this conclusion may be found in the legislative history of Vehicle and Traffic Law § 600. Vehicle and Traffic Law § 600 (2) (a), as previously noted, governs personal injuries that occur as a result of a motor vehicle incident. A separate provision, subdivision (1), specifically deals with leaving the scene of an incident where damage has been caused to real property. Prior to 1976, subdivisions (1) and (2) were not divided into separate categories but were merged under a single provision. Thus, the focus of inquiry was directed at the fact that the offender "left the scene” rather than whether he had caused personal injury or property damage. The 1976 statutory amendment (L 1976, ch 670, § 1), separating property damage and personal injury into distinct subdivisions, evinced a legislative intent to focus on the nature and severity of the harm caused by the offending driver. Leaving the scene of an incident after causing property damage is now classified as an infraction punishable by fine; leaving the scene after *945 causing personal injury is deemed a misdemeanor offense.* Thus, under the current version of the statute, a defendant’s criminal culpability is measured by (1) the fact that he left the scene of an incident without reporting, and (2) the extent to which he has harmed the victim. It follows that a prerequisite to finding a defendant guilty under either subdivision is that the victim actually sustain the type of damage or injury delineated in that particular subdivision. Only then can it fairly be said that defendant "should have known” that the specific form of damage or injury had been caused to another by virtue of his operation of a motor vehicle.
With reference to the instant case, the trial evidence did not sufficiently establish that Orit Levenstein sustained any personal injury as a result of the collision with defendant. Rather, the testimony elicited at trial indicated that damage was caused to her automobile. Thus, defendant should have been indicted under Vehicle and Traffic Law § 600 (1) which pertains to property damage not subdivision (2) which involves personal injury. Because this discrepancy affected the theory of the prosecution rather than simply form (see, CPL 200.70), the fifth count of the indictment was accordingly dismissed (see, People v Hakala, 270 App Div 612).
H. THE IMPOSITION OF CONSECUTIVE TERMS OF INCARCERATION
Penal Law § 70.25 (2) provides: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently.”
Thus, there are two situations in which sentences imposed for two or more offenses must run concurrently:
(1) where offenses are committed through a single act or omission, or
(2) where an act or omission constitutes both one of the offenses and a material element of the other. (See, People v Day, 73 NY2d 208.)
The crimes for which defendant stands convicted were not *946 committed through a single act. First, defendant, while in an intoxicated condition, struck an individual, severing one of his legs and permanently disabling his other leg. Then, defendant fled the scene of this collision, leaving the victim lying in the road. Finally, defendant continued to recklessly drive through the streets of Brooklyn with wanton disregard for the safety of other people. These acts constituted the crimes of vehicular assault in the second degree, leaving the scene of an incident without reporting (as to the first complainant) and reckless endangerment. Each crime was committed through distinct acts, occurring in a "consecutive” time frame, rather than as a result of a single act or omission.
An analogous issue arose in People v Catone (65 NY2d 1003). There, defendant was found guilty of reckless manslaughter and leaving the scene of an incident without reporting. At the time of Catone’s conviction, reckless manslaughter was a material element of leaving the scene of an incident such that the imposition of concurrent sentences was required. The Court of Appeals was, however, critical of the fact that a defendant would, essentially, go unpunished for leaving the scene of an incident and invited the Legislature to re-examine the question. The Legislature responded by amending the statute and consecutive terms of incarceration are now permitted for such crimes.
Where one crime is effectively completed before the other crime takes place, consecutive sentences may be warranted. In this case, the first complainant lost the use of both of his legs after defendant struck him with an automobile. In a separate but equally egregious act, defendant left him lying in the road, without a moment’s pause. Defendant then recklessly created a grave risk of death or serious physical injury to all of the citizens of this county who were present while he drove along the streets in the manner described heretofore. This continuous, heinous course of conduct, enveloping three distinct criminal acts, warranted the imposition of consecutive sentences, to wit: 216 years to 7 years’ imprisonment for reckless endangerment in the first degree; lVa years to 4 years’ imprisonment for vehicular assault in the second degree; and IVs to 4 years’ imprisonment for leaving the scene of an incident without reporting, as a felony.

 Where the personal injury involved results in death or other serious physical injury, a conviction thereupon will be deemed a class E felony offense.