OPINION OF THE COURT
Joseph J. Dawson, J.
*623 Defendant, who has been charged with leaving the scene of an incident without reporting in violation of section 600 (2) (a) of the Vehicle and Traffic Law, moves to dismiss on the ground that the complaint is facially insufficient.
In the complaint, Police Officer James Shannahan alleges that on or about July 27, 1995 he saw the defendant drive a Honda Elite Scooter through a steady red light while carrying “a passenger on the back of [the] scooter.” According to the officer, the defendant struck a curb and “lost control” of the scooter during an ensuing chase. Next, the officer asserts, he saw the passenger “fall” from the scooter “and injure his leg.” Finally, the officer alleges that the defendant “did not stop, did not supply [his] license, insurance or registration information and did not wait for [the] arrival of [the] police.”
A defendant is criminally responsible under section 600 (2) (a) only if he or she fails to report an incident while “knowing or having cause to know” that a person has suffered “personal injury”. (See, Vehicle and Traffic Law § 600 [2] [a]; see also, People v Hakala, 270 App Div 612, 614 [1st Dept 1946]; People v Levy, 157 Misc 2d 941, 945 [Sup Ct, Kings County 1993].) Hence, to be facially sufficient, the factual part of the misdemeanor complaint in this case must contain “facts of an evidentiary character” providing “reasonable cause” to conclude, inter alia, that the defendant knew or had “cause to know” that the passenger had been injured. (See generally, CPL 100.15 [3]; 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986].)
Of course, since “knowledge may be proven circumstantially”, a complaint need only allege sufficient facts from which the requisite awareness can be inferred. (People v Mizell, 72 NY2d 651, 656 [1988].) A defendant’s knowledge of injuries can be inferred, in some situations, from the circumstances surrounding the incident itself. For instance, if a complaint describes a collision involving an impact “of great magnitude”, there may be little reason for a court to require that a pleading contain further evidentiary details about the defendant’s awareness of an injury. (See, People v Levy, 157 Misc 2d, supra, at 944.)
Here, however, the complaint neither describes the nature or extent of the purported injuries to the passenger’s leg nor contains any allegations concerning the severity or aftermath of the incident. As a consequence, it is unclear from the pleading whether the unnamed rider simply reboarded defendant’s scooter and departed the scene without so much as a whimper or, instead, was left at the curb writhing in pain. Moreover, the *624 complaint does not allege that the defendant turned to face the passenger at any point during the incident, or was otherwise in a position to observe the purported injury that had occurred. Instead, the complaint states only the bald conclusion that defendant’s unnamed passenger had “injure [d] his leg.” That conclusory statement provides no basis upon which it can be inferred that defendant knew or had cause to know that his passenger had been injured. Accordingly, the complaint is defective and must be dismissed. (See, People v Dumas, 68 NY2d, supra, at 731.)