Weston Patterson, J.,
dissents and votes to reverse the judgment of conviction and dismiss the accusatory instrument. I am of the view that the verdict was against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490 [1987]). Complainant testified for the People that a school bus being driven by defendant struck her, a pedestrian, causing her to fall. Defendant driver of the bus and a passenger, Ms. Taub, testified to the effect that the bus driver never struck complainant, but she nevertheless sat down in the street, set her coffee cup down and began shouting. Defendant stopped the bus and, after taking issue with complainant concerning whether the bus had struck her, left the scene without giving any identification and information (see Vehicle and Traffic Law § 600 [2] [a]). Complainant was taken by ambulance to a hospital and released. No swelling was detected; x-rays showed no apparent fracture or dislocation, and soft tissue was unremarkable. Complainant’s range of motion was found to be normal. Approximately four months later, complainant underwent an operation on her shoulder.
I am cognizant that the determination of credibility by a trier of fact should be given great weight on appeal (People v Garafolo, 44 AD2d 86, 88 [1974]). Nonetheless, the appellate court must exercise its power to review the facts of the case and, if appropriate, decide that the verdict is against the weight of the evidence (People v Bleakley, 69 NY2d 490 [1987], supra). Upon the record before us, the finding that defendant either knew or had cause to know that personal injury had been caused to complainant due to the incident is unsupported by the weight of the evidence (see Vehicle and Traffic Law § 600 [2] [a]). Defendant’s version of the event was more credible than complainant’s. Furthermore, the testimony of the People’s witness, Mr. Davalos, showed a lack of memory with respect to detail, e.g., with respect to whether complainant had a cup of coffee and a cell phone, and did not specify that he actually saw the incident happen (he stated that he heard a scream and saw the lady on the “floor” next to the bus). In contrast, the testimony of defendant’s independent witness, Ms. Taub, showed that she saw the entire incident as it happened. Moreover, the medical evidence from the physicians established that *29 the injuries for which complainant was subsequently operated on did not result from the alleged incident. The weight of the proffered evidence indicated that complainant’s alleged injuries did not result from a collision with defendant’s school bus and, under the circumstances, the verdict of guilty should be set aside (see People v Levy, 157 Misc 2d 941, 944-945 [1993]).
Pesce, EJ., and Belen, J., concur; Weston Patterson, J., dissents in a separate memorandum.